## FISHER *vs.* CLARK.

The right of every one to use his own property as he pleases, for all the purposes to which such property is usually applied, is unlimited and unqualified, up to the point where the particular use becomes a nuisance.

Simply turning one's own sheep, having an infectious disease, into his own lot, adjoining the lot of another occupied by sheep, is not unlawful, nor such an act of wrong or negligence as will give to the owner of the adjoining lot a legal cause of action, for damage sustained in consequence of the disease being communicated to his sheep.

THIS action was brought by the plaintiff, in a justice's court, to recover damages upon the following facts: The parties were farmers occupying adjoining farms. Each had a flock of sheep; those of the defendant had a contagious disease known as the *scab*, and the fact of the disease and its character were well known to the defendant. The defendant sent word to the plaintiff that he intended to turn this flock of diseased sheep in his own field next to the field of the plaintiff, where the sheep of the plaintiff were pasturing. The plaintiff thereupon called on him and told him he must not do it, insisting that he had no right so to do; and the result of the interview was, that the defendant promised the plaintiff that he would not turn said diseased sheep into the lot next to the plaintiff. Disregarding this agreement, and without notice or the knowledge of the plaintiff, the defendant did turn his sheep into a lot adjoining where the plaintiff's sheep were, and only separated by a common rail fence. The division fence belonged to the plaintiff to repair, and was a good fence. The sheep of the defendant got into the plaintiff's field and mingled with his sheep; no evidence to show how or by whose fault. They were in several times; once the plaintiff found a rail shoved aside where they might have passed, but he had no knowledge that they did. At the other times, it does not appear that there was any defect in the fence, or how they got in. The defendant also had with his flock of diseased sheep some lambs so small that an ordinary or common rail fence would not stop them, and they

were frequently in the plaintiff's field with his sheep. That the disease was a contagious one, which would be communicated either by the mingling of the sheep or by running side by side separated only by an ordinary rail fence, appeared fully by the evidence. The plaintiff's sheep became diseased and largely damaged in their market value. The complaint of the plaintiff contained two counts; one charging that the defendant knowing his sheep were diseased with a contagious disease, turned them on his own land next to the plaintiff, by reason of which wrongful and careless act the plaintiff's sheep became diseased. The other charging that the defendant's sheep wrongfully broke or got into the plaintiff's field, and gave his sheep the disease. The defendant for answer denied the complaint, and set up that the line fence belonged to the plaintiff to repair, and that *the defendant's sheep got through into the plaintiff's field by reason of the fault or negligence of the plaintiff in not repairing his fence.*

There was a judgment for the plaintiff, upon the trial before the justice, for $100 besides costs, from which an appeal was taken by the defendant, and the only ground substantially alleged was that the judgment was contrary to law. The county court affirmed the judgment; and the defendant appealed to this court.

*D. Morris,* for the appellant.

*E. B. Pottle,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. It is well settled that every man has the absolute right to use his own property as he pleases, for all the purposes to which such property is usually applied, without being answerable for the consequences, provided he exercises proper care and skill to prevent any unnecessary injury to others. (4 *Coms.* 202.) This right to use his property as he pleases is unlimited and unqualified, up to the point where the particular use becomes a nui-

sance.  (22 *Barb.* 297.   *Picard* v. *Collins*, 23 *id.* 444.)   The complaint in this action, before the justice, stated that the defendant, while the plaintiff was occupying adjoining land to his for the pasturage of a flock of sheep, turned into his lot adjoining a flock of sheep which he knew had a contagious disease, known as the scab, by reason of which the plaintiff's sheep took the disease and he sustained damage.   The gravamen of the complaint is that the defendant, knowing that the plaintiff had a flock of sheep running in his lot, turned his own sheep having the scab, a contagious disease, into an adjoining field on his own farm.   There is no allegation of negligence, carelessness, or of a malicious intent to injure the plaintiff.   The justice must have held upon the complaint, that this act of the defendant gave to the plaintiff a right of action to recover to the extent of the injury sustained : that is to say, he must have held, and that is the claim, that simply turning his own sheep having an infectious disease into his own lot adjoining a lot of the plaintiff's, occupied with sheep, was unlawful, or such an act of wrong or negligence as gave the plaintiff a legal cause of action for any injury sustained.   To maintain an action there must be a legal injury, an invasion of some positive, certain legal right.   It could be no violation of the plaintiff's rights for the defendant to occupy his own land in his own way, unless he created a nuisance thereon.   Pasturing sheep having an infectious disease was not a nuisance.   It was and could be no injury to the plaintiff unless he suffered his sheep to take the contagion by permitting them to come in contact with the defendant's sheep.   Each party had a right to use his own field to pasture his sheep.   If the defendant's sheep had infectious disease, infectious only to sheep, he had the same right to have the same in his own field as the plaintiff had to permit his sheep to run in the adjoining field, exposed to take such disease.   A person sick with a contagious disease is not obliged to abandon his own house to prevent the spread of such disease.   A house occupied by persons having an infectious

disease is not a nuisance. (2 *Barb.* 104.) It is not pretended that the disease of the defendant's sheep was a nuisance. They did not render the enjoyment of life or property uncomfortable, (*Fish* v. *Dodge*, 4 *Denio*, 311,) or endanger the health of the neighborhood, (9 *Paige*, 575. 3 *Barb.* 157.) Nor were they offensive to the senses, like a slaughter house, or gas-works, or swine-styes, or lime-kiln, or a livery stable, or a tannery. (17 *Barb.* 654. 22 *id.* 312.) There is no basis to sustain the action on the ground of negligence; for the defendant invaded no legal right of the plaintiff. The principle of the maxim *sic utere tuo*, &c. will not sustain the action, according to the decision of the court of appeals in the case of *The Auburn and Cato Plank Road* v. *Douglass*, (5 *Seld.* 449,) where it is held that this principle only applies where one owns a tenement which is subject to the servitude of another tenement, or has an easement in another's land, or some fixed legal right or interest therein. The same case also decides that an action will not lie in such case on the ground that the defendant acted maliciously. The evidence in the case would perhaps have furnished some ground to raise such a question of fact, although the right of action in the complaint was not based upon any such ground. But the case last cited holds, that when the defendant has no legal right or interest in the plaintiff's premises, or easement or claim thereto, it is immaterial what may be the motives of the proprietor for dealing with his property in any particular way. The same principle was asserted in *Mahan* v. *Brown*, (13 *Wend.* 261,) and in *The Newburgh Turnpike Co.* v. *Miller*, (5 *John. Ch. R.* 101.) I do not see, therefore, upon what principle the judgment below can be sustained. The amount of the judgment shows that it was rendered upon the claim aforesaid, and not upon the ground of any technical trespass committed by the defendant's sheep in getting through or over the fence between the parties. If any damage was sustained from such trespass, it

would not warrant the judgment rendered by the justice. The judgments of the justice and of the county court should therefore be reversed.

Judgments reversed.

[MONROE GENERAL TERM, December 7, 1863. *E. Darwin Smith, Johnson* and *Welles,* Justices.]