## HOPKINS, RESPONDENT, *v.* BUTTE AND MONTANA COMMERCIAL COMPANY, APPELLANT.

[Argued February 23, 1893.  Decided July 17, 1893.]

WATERS—*Damages from overflow—Instructions.*—A person engaged in a legitimate business is only liable to another for such injuries as result from negligence or the want of ordinary care and prudence in the management thereof, and therefore, in an action for damages for causing an overflow of plaintiff's land by floating logs down a stream it is error to charge that though the defendant's business was legitimate it must so conduct it as not to cause injury to the plaintiff, and if the defendant's logs had jammed, forming a gorge which retarded the natural flow of the stream, and the gorge was suddenly released, causing plaintiff's lands to be submerged he was entitled to recover, as such charge practically ignores the question of negligence. (*Bielenberg* v. *Montana Union Ry. Co.*, 8 Mont. 271, cited.)

*Appeal from Eighth Judicial District, Cascade County.*

Action for damages. The cause was tried before BENTON, J. Plaintiff had judgment below. Reversed.

*Arthur J. Shores*, for Appellant.

*Leslie & Downing*, for Respondent.

PEMBERTON, C. J.—The respondent, who was plaintiff below, alleges in his complaint that he is the owner of a ranch in Cascade county, and engaged thereon in raising grass, wheat, oats, vegetables, etc.; that a certain stream, known as Deep creek, flows through his said ranch; that in the month of July, 1891, the appellant (defendant below) was engaged in floating logs down said stream to its mills, located at the city of Great Falls; that the appellant had theretofore erected large dams or reservoirs on said stream, above the lands of respondent, for the accumulation of water to assist in floating said logs when the water was low in said stream; that appel-

lant had cut and placed in said stream above the lands of respondent a large quantity of logs to be floated down said stream to its mills; that said logs had formed a jam or boom in said stream that obstructed the natural flow of the water therein, and backing up the water in large quantities above the lands of respondent, so that the jam, gorge, or boom, was suddenly released, and caused said stream to swell and overflow its banks, submerging respondent's lands, and by means thereof caused quantities of muddy water, logs, rafts, rubbish, and dirt to flow over and upon respondent's lands, damaging the lands, crops, fences, etc., of respondent.

The second count in the complaint charges substantially the same facts as above, and in addition thereto, after alleging that said logs formed a jam, etc., in said stream above respondent's lands, alleges that "the defendant (appellant) wrongfully, through its agents and servants, suddenly released said water, which caused said stream to rise above the level thereof, and that by reason thereof plaintiff's (respondent's) land was submerged," etc., and by reason thereof respondent was damaged.

The appellant filed a general demurrer to the complaint, which was overruled by the court, and appellant excepted. Answer and replication were filed, the answer denying all the allegations of the complaint. The cause was tried to a jury, and verdict and judgment rendered for respondent.

Appellant filed its motion for new trial, which was overruled. Whereupon appellant appealed from the order overruling motion for new trial, and from the judgment of the court below.

On the trial of the case counsel for appellant requested the court to give the jury the following instruction: "The plaintiff's action is based on the alleged negligence of the defendant in the conduct of its business upon Deep creek. There is no presumption that it was unlawful for defendant to float logs down this stream, and the plaintiff can recover of defendant in this action only by showing that it was guilty of a want of ordinary care and prudence in the conduct of its business upon this stream, and that the plaintiff has sustained damage because of such lack of care." The court refused this request, and instructed the jury as follows: "There is no presumption that it

was unlawful for defendant to float logs down this stream. The defendant had the right to use such stream for such purpose, and they were engaged in a legitimate business, but while engaged in such business the defendant was obliged to conduct its business in such manner as not to cause injury to the plaintiff. And if you believe from the evidence that in July, 1891, the defendant had placed in Deep creek above the lands of the plaintiff a large quantity of logs to be floated down said stream to their mill, which had jammed together, forming a gorge, and such jam obstructed and retarded the natural flow of said stream in large quantities, so that such jams and gorges were suddenly released, causing said stream to swell and raise above the level thereof, thereby submerging plaintiff's land with water, and thereby caused large quantities of water, logs and rubbish to flow over said plaintiff's land, and his growing crops were destroyed by reason thereof, you will find for the plaintiff in whatever damages you may believe from the evidence he has sustained."

The action of the trial court in refusing the request of appellant and in giving the instruction quoted above is the principal error assigned in the record.

The gist of this action is negligence; and until some negligence is shown there cannot be said to be any liability. (*Bielenberg* v. *Montana Union Ry. Co.*, 8 Mont. 271.)

We think the instruction requested by appellant correctly stated the law of the case, and should have been given. (*Carter* v. *Thurston*, 58 N. H. 104; 42 Am. Rep. 584; *Field* v. *Apple River L. D. Co.*, 67 Wis. 569.) The instruction given by the court practically ignored the question of negligence, and told the jury to find for the respondent for whatever damages he had sustained by the acts of the appellant in placing the logs in said stream, whether the appellant was guilty or not of any negligence or want of care in the conduct of its business, or whether the damage resulted from causes beyond appellant's control, and this, too, after instructing the jury that the appellant had a right to place its logs in said stream, and that it was engaged in a legitimate business. Ordinarily, if a person is engaged in a legitimate business, he is only liable to another for such injuries as result from negligence or the want of

ordinary care and prudence in the conduct and management thereof. Tested by this rule, we think the instruction given by the court below did not correctly state the law governing the case.

There are other errors assigned, but we do not deem it necessary to consider them.

The order of the court below denying a new trial is overruled, the judgment reversed, and the cause remanded for new trial.

*Reversed.*

HARWOOD, J., and DE WITT, J., concur.