KING, APPELLANT, *v.* THE MILES CITY IRRIGATING DITCH COMPANY, RESPONDENT.

[Submitted July 22, 1895.  Decided July 29, 1895.]

NEGLIGENCE—*Instructions.*—In an action for damages for the breaking of defendant's irrigating ditch it is error to instruct the jury that "it is incumbent upon the defendant company to construct its flumes and ditches in such a reasonable and prudent manner as that no damage shall result to the person whose lands are crossed by the ditch," for thereby the defendant is not only held to the highest degree of care, but is made an insurer against all damages without regard to the question of negligence.

*Appeal from Seventh Judicial District, Custer County.*

ACTION for damages.  Defendant's motion for new trial was granted by MILBURN, J.    Affirmed.

*Middleton & Light,* for Appellant.

*Strevell & Porter,* for Respondent.

DE WITT, J.—This action was brought by the plaintiff to recover damages caused to his ranch by the breaking of the defendant's irrigating ditch. The cause of action, as alleged, and sought to be proved, was the negligence of defendant in the construction and operation of its ditch, by reason of which the same broke and damaged the plaintiff.   On a trial to a jury a verdict was rendered for the plaintiff.    This verdict was by the court set aside, on motion for a new trial.    From this order the plaintiff appeals.

The motion was made upon two grounds.    First, the insufficiency of the evidence to sustain the verdict; and, second, errors of law.    It does not appear upon which ground, or whether upon both, the motion was granted.

The principal error of law complained of was that the court instructed the jury, among other things, as follows:    "In this connection the court further instructs the jury that it is incumbent upon the defendant company to construct its flumes and ditches in such a reasonable and prudent manner as that

no damage shall result to the person whose lands are crossed by the ditch." This instruction was clearly erroneous. The court undertook to lay down the measure of reasonable and prudent conduct on the part of the defendant. The court did not instruct that the care by the defendant should be either ordinary or extraordinary, but, on the other hand, instructed the jury that the degree of care should be such that no damage should result. The defendant was thus held, not only to the highest and most extraordinary degree of care, but was held to exercise such care that the plaintiff would not suffer any damage. In other words, the instruction made the defendant absolutely an insurer against all damages. It removed the question of negligence from the jury altogether, and practically instructed them that, if the damage occurred, the defendant was liable, without regard to its negligence. This, of course, was error, which error the district court properly corrected in granting the motion for a new trial, and on this ground the order granting the new trial must be affirmed. (*Hopkins* v. *Butte & Montana Co.*, 13 Mont. 223.)

On the motion for a new trial, the court also had before it the question of insufficiency of the evidence to sustain the verdict. Upon a reading of the testimony in the case, we are not prepared to say that the court abused its discretion if it granted the new trial on this ground. We are not prepared to go further, however, and to say, from our point of view, that there was absolutely no showing of negligence which should have gone to the jury. There seem to be a few items of evidence tending to show negligence. Whether these were sufficient to justify the verdict is more properly a question in the sound discretion of the district court, who saw the witnesses and heard them testify. As remarked, we cannot find any abuse of discretion in granting the new trial on the ground of insufficiency of the evidence. To express any further views upon this subject we do not deem appropriate.

The order granting the motion for new trial is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.