FLEMING, EXECUTRIX, APPELLANT, v. LOCKWOOD, RE-
SPONDENT.

(No. 2,470.)

(Submitted December 9, 1907. Decided December 28, 1907.)

[92 Pac. 962.]

*Waters—Ditches—Seepage—Liability for Injury—Negligence—
Sic utere tuo ut alienum non laedas—Trespass on the Case—
Burden of Proof—Instructions—Harmless Error.*

Waters—Ditches—Owner not an Insurer.
    1.  A ditch owner is not an insurer of his ditch against damages
    which may result from its operation.

Same—Ditches—Injury—Liability of Owner—Instructions.
    2.  Plaintiff in an action to recover damages alleged to have been
    caused to his lands by seepage from defendant's ditch, asked the
    court to instruct the jury that if the injury was caused as alleged,
    the verdict should be for plaintiff, irrespective of the question of
    negligence on the part of defendant in the construction and operation
    of the ditch.  This was refused and one given in lieu thereof, an-
    nouncing the rule that defendant was only bound to exercise ordi-
    nary care in the construction and maintenance of his ditch, and
    that, if he did so, he could not be held responsible.  *Held,* that the
    court's action was correct.

Same—*Sic utere tuo ut alienum non laedas*—Applicability of Maxim.
    3.  The doctrine of the maxim *Sic utere tuo ut alienum non laedas,*
    is not inconsistent with the rule of law that a man may use his own
    property as he pleases, for all purposes for which it is adaptable,
    without being answerable for the consequences, if he is not an
    active agent in designedly causing injury, if he does not create
    a nuisance, or if he exercises due care and caution to prevent in-
    jury.

Actions—Common-law Principles—Applicable Under Codes.
    4.  While by the adoption of the Codes the common-law forms of
    pleading were abolished in this state, the fundamental principles
    of that law underlying the various actions, must still be looked to
    in determining questions relating to such actions.

Actions—Trespass—Trespass on the Case.
    5.  The action of trespass presumes the doing of an act wantonly
    or in total disregard of another's rights; whereas, the action of
    trespass on the case assumes that the injury complained of is the
    result of negligence or nonfeasance.

Waters—Ditches—Injury—Seepage—Actions—Trespass on the Case—Bur-
den of Proof.
    6.  Where, in an action to recover damages for injury alleged to
    have been caused to plaintiff's lands by seepage from defendant's
    ditch, it was not contended that the seepage was intentionally caused
    by defendant, nor claimed by the latter that it was the result of
    inevitable accident or an act of God, the injury, if it occurred at
    all, must have been the result of negligence on defendant's part

in constructing or operating the ditch, and the action was maintainable only as an action of trespass on the case, in which the burden of proving defendant's negligence, in the first instance, was upon plaintiff.

Same—Negligence—Degree of Proof—Instructions—Harmless Error.
7.   While it was error to instruct the jury in the case above mentioned, that, before plaintiff could recover, he must have established by a *clear* preponderance of the evidence that the ditch in question was negligently and defectively constructed or maintained, etc.— thus, by the use of the word "clear," imposing a greater burden upon plaintiff than the law requires—the error was harmless, where plaintiff did not rely upon defendant's negligence nor offer any evidence on that question, but took the erroneous position that defendant was an insurer of his ditch and responsible in any event, and where the court would have been justified in directing a verdict for defendant, in that plaintiff had failed to make out a case.

*Appeal from District Court, Powell County; Geo. B. Winston, Judge.*

ACTION by Johanna Fleming, executrix of John Fleming, deceased, against W. S. Lockwood. Judgment for defendant. Plaintiff appeals from an order denying her a new trial. Affirmed.

*Mr. W. H. Trippett,* and *Messrs. Rodgers & Rodgers,* for Appellant.

*Messrs. Scharnikow & Paul,* and *Messrs. Walsh & Nolan,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the district court of Powell county by Johanna Fleming, guardian of John Fleming, an incompetent person, to recover damages from W. S. Lockwood, and to secure an injunction restraining the defendant from maintaining and operating a certain irrigating ditch.

In substance, the complaint charges that the ditch was constructed over Fleming's land, wrongfully and without his consent; that it was so carelessly and negligently constructed and managed by Lockwood that the water running therein seeped through the bottom and north side of the ditch to and upon

meadow land belonging to Fleming, and lying north of the line of the ditch; and that such seepage water arose and came out on the said meadow land and overflowed it, made it wet and marshy, and destroyed the hay growing on said land, and rendered the land worthless, to plaintiff's damage in the sum of $12,500. The second cause of action recites the same facts, and further alleges that the defendant threatens to continue to use and maintain the ditch as set forth, to the irreparable injury of the plaintiff and John Fleming.

The answer denies any wrongful entry upon the land of Fleming, and alleges that the ditch was constructed through Fleming's land with his consent, and otherwise practically amounts to a general denial of the allegation of the complaint. Before the case was finally disposed of in the district court, Fleming died, and Johanna Fleming, as executrix of his last will, was substituted as plaintiff.

Upon the trial, plaintiff offered testimony tending to show the extent of the damage to the meadow land, and that the same was caused by water seeping from the defendant's ditch, and rested. The evidence offered by the defendant tended to show that the injury to plaintiff's land resulted from water escaping from a certain slough on plaintiff's land, with which defendant had nothing whatever to do. Defendant also offered some testimony tending to show that his ditch was constructed and maintained in a good, workmanlike manner, and that there was in fact no seepage from it. The plaintiff asked the court to instruct the jury to the effect that, if plaintiff's lands were injured by seepage waters escaping from defendant's ditch, then the verdict should be for the plaintiff, without regard to the question of negligence on the part of the defendant in the construction or operation of the ditch. This request was refused, and, in lieu of it, the court instructed the jury that the defendant was bound to exercise ordinary care in the construction and maintenance of the ditch, and, if he exercised such degree of care, "then he would not be responsible for the damage complained of, through the seepage of water from his ditch, if you find from the evidence

there was any such seepage.'' A general verdict was returned
in favor of the defendant, and a judgment entered thereon.
From an order denying plaintiff a new trial, this appeal is prose-
cuted.

The plaintiff's theory of the case is illustrated by the instruc-
tion which the court was requested to give, as above set forth.
The defendant's theory is illustrated by the instruction given
by the court in lieu of that asked by the plaintiff. These differ-
ent theories of the respective parties present the principal ques-
tion for solution, and, singularly enough, each of them is relying
upon the former decisions of this court to support his conten-
tion. The plaintiff relies upon *Fitzpatrick* v. *Montgomery,* 20
Mont. 181, 63 Am. St. Rep. 622, 50 Pac. 416, and *Lincoln* v.
*Rodgers,* 1 Mont. 217, and *Nelson* v. *O'Neal,* 1 Mont. 284, cited
in the *Fitzpatrick Case;* while respondent relies upon *Hopkins*
v. *Butte & M. Com. Co.,* 13 Mont. 223, 40 Am. St. Rep. 438,
33 Pac. 817, and upon *King* v. *Miles City Irr. D. Co.,* 16 Mont.
463, 50 Am. St. Rep. 506, 41 Pac. 431. If appellant's theory
is correct, and the question of negligence does not enter into a
case of this character, then every ditch owner is an insurer of
his ditch against damages therefrom to his neighbor, unless such
damage is occasioned by an act of God or inevitable accident;
and her counsel confidently rely upon the *Fitzpatrick Case*
above to support this contention.

The *Fitzpatrick Case* was decided by this court in 1897, the
*Hopkins Case* in 1893, and the *King Case* in 1895. In sub-
mitting the *Fitzpatrick Case* to this court, attention was directed
particularly to the *Hopkins* and *King Cases,* but though Chief
Justice Pemberton wrote the opinion in the *Hopkins Case,* and
also in the *Fitzpatrick Case,* no mention is made of either of
these two earlier cases in the opinion in the *Fitzpatrick Case;*
so that we must assume that the court did not intend to overrule
either, or both, of its former decisions, but, on the contrary,
differentiated the cases.

In *Fitzpatrick* v. *Montgomery* it appears that Montgomery,
a subsequent appropriator of the waters of Buffalo creek, so con-

ducted his placer mining operations above Fitzpatrick's land that tailings and other debris were carried down that creek and deposited upon Fitzpatrick's land, rendering it unfit for agricultural purposes, and that such deposit of tailings and other debris in the creek, which flowed through Fitzpatrick's land, caused the creek to cut a new and different channel through his land. Fitzpatrick was the prior appropriator of the waters of the same creek. The decision of this court appears to have been rendered upon precedent, rather than upon principle, and nearly every case cited in the opinion relies upon and applies the principle which counsel for plaintiff sought to have the trial court in this case embody in the offered instruction, namely: "That every one must so use his property as not to injure that of his neighbor." This principle of law finds expression in the maxim *Sic utere tuo ut alienum non laedas,* which our Civil Code, in section 4605, has translated as follows: "One must so use his own rights as not to infringe upon the rights of another."

If the courts whose decisions are cited and relied upon in the *Fitzpatrick Case,* entertained the idea that this maxim is not applicable to negligence cases, they were mistaken. While it is true that by adopting a Code we have abolished common-law forms of pleading, this abolition has not in any sense changed the fundamental rules of substantive law, and we must still resolve questions presented in our litigation with reference to those ancient rules of law which had reason, experience, and the necessities of society for their foundation.

At the common law the *Fitzpatrick Case* would have fallen into one of two classes of cases, trespass, or trespass on the case, the first of which might, or might not, involve a question of negligence, depending upon the particular circumstances, while negligence is the very gist of the latter. (Holmes on Common Law, 106.) The maxim above was repeatedly applied in actions of trespass. It was likewise applied repeatedly in actions of trespass on the case. In *Gerke* v. *California Steam Nav. Co.,* 9 Cal. 251, 70 Am. Dec. 650, the court said: "The general rule

upon this subject is laid down with great clearness by Cowen (Cowen's Treatise, 384). Speaking of the action of trespass on the case, he says: 'It lies in all cases of negligence in the use or disposition of one's property, or in clearing or improving it, by which another is injured; and the true question in such cases is whether the defendant or his servant has been guilty of negligence. For it is a maxim in law that a man is bound so to use his own as not to injure that which belongs to his neighbor.' "

This maxim furnishes, in a general sense, the rule by which every member of society possesses and enjoys his property; but it is not an ironclad rule, without limitations. If applied literally in every case, it would largely defeat the very purpose of its existence; for in many instances it would deprive individuals of the legitimate use of their property, and, for all practical purposes, destroy it. (*Hentz* v. *Long Island R. R. Co.,* 13 Barb. 646.) The doctrine of the maxim is not inconsistent with the rule of law that a man may use his own property as he pleases, for all purposes for which it is adaptable, without being answerable for the consequences, if he is not an active agent in designedly causing injury, if he does not create a nuisance, or if he exercises due care and caution to prevent such injury. (*Fisher* v. *Clark,* 41 Barb. 329.)

In *Gibson* v. *Puchta,* 33 Cal. 310, which was an action to restrain the defendant from running water upon plaintiff's mining claim and for damages caused thereby, the court said: "In irrigating his land the defendant is subject to the maxim *Sic utere tuo ut alienum non laedas.* An action cannot be maintained against him for the reasonable exercise of his right, although an annoyance or injury may thereby be occasioned to the plaintiffs. He is responsible to the plaintiffs only for the injuries caused by his negligence and unskillfulness, or those willfully inflicted in the exercise of his right of irrigating his land. (Broom's Legal Maxims, 274.) There is no pretense that any injury was willfully occasioned by the defendant, and there is no finding of negligence or unskillfulness on the part of the defendant. The plaintiffs, therefore, are not entitled to judg-

ment on the findings." (See, also, *Panton* v. *Holland,* 17 Johns. (N. Y.) 92, 8 Am. Dec. 369; Broom's Legal Maxims, 275.)

Chief Justice Nelson, in *Harvey* v. *Dunlop, Hill & Denio* (Lalor), 193, said: "No case. or principle can be found, or, if found, can be maintained, subjecting an individual to liability for an act done without fault on his part." (Holmes' Common Law, 94.) Indeed, it has been said that this maxim is not applicable to a mere omission to act, but rather to an affirmative act or course of conduct, in invasion of another's right. (Anderson's Law Dictionary, 1076.)

The case of *Stinson* v. *New York Central R. R. Co.,* 32 N. Y. 333, 88 Am. Dec. 332, was an action for damages for the death of one Stinson by the wrongful act of the defendant railroad company. In disposing of the case the New York court said: "And the duty the company owed to him (Stinson) in the management of its trains was the exercise of that ordinary care which every man owes to his neighbor, to do him no injury by negligence while both are engaged in lawful pursuits, a duty which begins and ends in the maxim *Sic utere tuo ut alienum non laedas.*"

Since negligence is the very essence of an action of trespass on the case, and negligence was held not to enter into the *Fitzpatrick Case,* we must assume that the case was treated as an action of trespass, and of that character of such an action which is maintainable without reference to the question of negligence; in other words, the court must have held that Montgomery's situation was practically the same that it would have been had he hauled the debris in carts and deposited it upon Fitzpatrick's land, in which latter event, of course, the degree of care which he exercised would have been of no moment. This, at least, is the theory of most of the cases cited in the opinion in the *Fitzpatrick Case;* and while it is a matter of doubt whether the *Fitzpatrick Case* was in fact of such character, it was evidently treated as such, for upon no other possible theory can it be sustained.

Familiar illustrations of the difference between an action in trespass, where negligence need not be alleged or proved, and

an action in trespass on the case, which must be maintained, if at all, upon the theory of defendant's negligence, are these: If A strikes B with a log, B may maintain an action in trespass, and the question of negligence does not enter into the case at all. But if A places the log in a road, and B comes along and falls over it and injures himself, he may maintain an action on the case against A, by alleging and proving A's negligence. (*Dodson* v. *Mock,* 20 N. C. (234), 282, 32 Am. Dec. 677.) So, if A opens a headgate in his ditch and sends water down upon B's land in such quantity as to cause injury, B could maintain an action in trespass; but if A's ditch gives way, precipitating the water upon B's land, B's action would be on the case; and the reason for the rule in each of these classes of cases is apparent. An action of trespass presumes the active agency on the part of the wrongdoer in causing the injury, or, what is the same thing, the doing of the act wantonly or in total disregard of the other's right; while the action on the case assumes that the injury is consequential, or the direct injury is the result of negligence or nonfeasance. In other words, trespass implies wantonness, malice, or willfulness, while trespass on the case implies only negligence.

But, whatever doubt may arise as to the character of the action applicable to the *Fitzpatrick Case,* there is no doubt or uncertainty whatever as to the class into which the case now under consideration falls. Upon the facts stated, it could only be maintained as an action of trespass on the case, since there is not any contention that Lockwood intentionally caused the water to seep from his ditch. If, in fact, the seepage occurred as plaintiff contends, it must have been the result of negligence on Lockwood's part, either in constructing or operating the ditch, since it is not contended that it was the result of inevitable accident or was caused by an act of God; and therefore the plaintiff had the burden of proof, in the first instance, to show negligence on the part of the defendant. (*Greeley Irr. Co.* v. *House,* 14 Colo. 549, 24 Pac. 329; Long on Irrigation, sec. 68.) A ditch owner is not an insurer of his ditch against

damages which may result from its operation. (*Howell* v. *Big Horn Basin C. Co.,* 14 Wyo. 14, 81 Pac. 785, 1 L. R. A., n. s., 596.)

*Hopkins* v. *Butte & M. Com. Co.,* above, was an action for damages caused to the plaintiff's crops. The plaintiff owned land along Deep creek in Cascade county. The defendant used that creek for floating logs down to its mills at Great Falls, and had cut and placed in the stream above plaintiff's lands large quantities of logs, to be floated down to its mills. The logs had formed a jam in the stream so as to obstruct the natural flow of the water, causing a large quantity of water to be collected above, so that, when the jam gave way, the water, so collected, overflowed the banks of the creek, submerging plaintiff's lands, and by depositing debris thereon, caused damages to his crops, fences, etc. This court said: "The gist of this action is negligence; and until some negligence is shown there cannot be said to be any liability." The trial court in that case had instructed the jury just as plaintiff asked the court to do in this instance, but for the error the judgment was reversed, and the cause remanded for a new trial.

*King* v. *Miles City Irr. D. Co.* was an action for damages caused to plaintiff's land by a break in defendant's irrigating ditch. The trial court instructed the jury as follows: "In this connection the court further instructs the jury that it is incumbent upon the defendant company to construct its flumes and ditches in such a reasonable and prudent manner as that no damage shall result to the person whose lands are crossed by the ditch." This court on appeal said: "The instruction was clearly erroneous. The court undertook to lay down the measure of reasonable and prudent conduct on the part of the defendant. The court did not instruct that the care by the defendant should be either ordinary or extraordinary, but, on the other hand, instructed the jury that the degree of care should be such that no damage should result. The defendant was thus held, not only to the highest and most extraordinary degree of care, but was held to exercise such care that the plaintiff would not

suffer any damage. In other words, the instruction made the defendant absolutely an insurer against all damages. It removed the question of negligence from the jury altogether, and practically instructed them that, if the damage occurred, the defendant was liable, without regard to its negligence."

"A person may lawfully collect water by means of a dam, or in ditches, canals, culverts, or pipes, and is not liable in such a case for injuries caused by the escape of the water, in the absence of negligence on his own part." (Gould on Waters, sec. 298.)

"The measure of the care which the ditch owner is bound to use is that which ordinarily prudent men exercise under like circumstances when the risk is their own. And if he fails to exercise this degree of care, he is liable for injuries which the water causes to the adjoining property in consequence of his negligence." (Farnham on Waters and Water Rights, sec. 634.)

It is not necessary for us to consider the *quantum* of proof required in any controversy of this character to make out plaintiff's *prima facie* case, since this action was not tried on the theory of negligence, so far as the plaintiff is concerned.

In our opinion, the trial court was clearly right in the theory of the case adopted, and was likewise correct in refusing to give the instruction which the plaintiff requested. In addition to the cases considered above, see, also, *Lisonbee* v. *Monroe I. Co.*, 18 Utah, 343, 72 Am. St. Rep. 784, 54 Pac. 1009; *Chidester* v. *Consolidated Ditch Co.*, 59 Cal. 197.

2. Error is predicated upon the giving of instruction No. 5, which is as follows: "In this case, damages are claimed by plaintiff on account of injuries done to his land through the seepage of water from the ditch of the defendant, owing to its negligent and defective construction and maintenance. Before you can find for the plaintiff in this case, the fact must be established by clear preponderance of the evidence that the ditch in question was defectively constructed or negligently maintained, and that through such defective construction or negligent maintaining the seepage occurred from which it is claimed the injury

resulted, and unless the plaintiff has established this fact by a clear preponderance of the evidence, your verdict should be for the defendant.'' That in using the word ''clear'' before the word ''preponderance'' the district court attempted to impose upon the plaintiff a greater burden than the law requires, is established by the former decisions of this court. (*Gehlert* v. *Quinn*, 35 Mont. 451, 90 Pac. 168, and cases cited.) But while this instruction is clearly erroneous, it is error without prejudice. The plaintiff offered no evidence of negligence, and did not rely upon negligence, but took the position that the defendant was an insurer of his ditch. That theory was incorrect. The plaintiff failed to make out a case, and the district court would have been justified in directing a verdict for the defendant; so that it is entirely immaterial what instructions it gave, since the verdict returned was in defendant's favor.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.