(March 2, 1915.)

## JOHN T. WOODLAND, Respondent, v. PORTNEUF-MARSH VALLEY IRRIGATION COMPANY, a Corporation, Appellant.

[146 Pac. 000.]

Liability for Damage Caused by Waste Water—Independent Tort-Feasors—Proof Required—Measure of Recovery—Instructions.

1. Where one contributes as an independent tort-feasor toward causing an injury, he will be liable for the injury done by him, although his acts or negligence alone and without the contributing acts or negligence of others might not have caused the injury to occur.

2. Each one of several, acting independently, who wrongfully permits water to waste on to the land of another, is liable for his proportionate share of the injury caused thereby, even though the water allowed to run down by each would do no harm if not combined with that of the others, and the injury is actually caused by the combined flow wherein the waters from all sources are mixed and indistinguishable.

3. If injury follows as the combined result of the wrongful acts of several, acting independently, recovery may be had severally against each of such independent tort-feasors, in proportion to the contribution of each to the injury.

4. Exact and definite measurements of the respective quantities of water from different sources are not essential to sustain the verdict of a jury in determining what amount of damages a defendant corporation, as an independent tort-feasor, should pay as compensation for the injury caused by its part of such waters, although some evidence in that respect is essential.

5. *Held*, that the evidence in this case is sufficient to sustain the verdict in plaintiff's favor for the amount of damage caused by the defendant's waste water.

6. *Held*, that the court properly instructed the jury as to the measure of defendant's liability.

7. *Held*, that no reversible error appears in the trial court's rulings upon the admissibility of evidence.

APPEAL from the District Court of the Fifth Judicial District for Bannock County.   Hon. J. M. Stevens, Presiding Judge.

Action for injury to hay crop by flooding land with waste water. Verdict and judgment for plaintiff. Defendant appeals. *Affirmed.*

Edwin Snow, for Appellant.

In actions at law, as distinguished from equity, independent tort-feasors, the act of each of whom alone would have caused some damage, are not liable jointly, but each is liable severally only for the proportion of the damage caused by him. (*Watson v. Colusa etc. Min. Co.,* 31 Mont. 513, 79 Pac. 14; *Equitable Powder Mfg. Co. v. Cleveland etc. R. Co.,* 155 Ill. App. 265, and affirmed in 246 Ill. 582, 92 N. E. 979; 2 Farnham on Waters, p. 1716; *Sun Company v. Wyatt,* 48 Tex. Civ. App. 349, 107 S. W. 934; *Willard v. Redbank Oil Co.,* 151 Ill. App. 433; *Pacific Livestock Co. v. Murray,* 45 Or. 103, 76 Pac. 1079.)

Budge & Barnard, for Respondent.

An irrigation company cannot collect natural drainage waters and pour them in one volume on lands of another so as to increase the damage above that which would have resulted from the usual and ordinary flow of such waters. (*Teeter v. Nampa etc. Irr. Dist.,* 19 Ida. 355, 114 Pac. 8.)

DAVIS, District Judge.—In this action the plaintiff, John T. Woodland, sought to recover damages in the sum of $1,500 for loss of his hay crop, alleged to have been caused by the flooding of his land with water from the canal system owned and operated by the Portneuf-Marsh Valley Irrigation Company, a corporation. The jury awarded plaintiff $700 damages, and defendant appeals from the judgment of the lower court in plaintiff's favor for this amount and costs.

It is established by the evidence and admitted by the company that some water from its canals contributed toward the flow that overflowed Woodland's land and injured his hay. In defense it is contended by the company that the evidence does not show that the water wrongfully discharged from the canals, or laterals of its irrigation system, was sufficient by

itself to overflow the channel of the creek through Woodland's land or cause any of the injury to his crops. But this is not a good defense, even though true, because where one contributes as an independent tort-feasor toward causing an injury, he will be liable for the injury done by him, although his acts or negligence alone might not have caused any injury. In this case the evidence tends to prove that there were at least six sources from which the water came that injured Woodland's hay, and it is not contended by him that the company was responsible for more than one. And, while the evidence is very indefinite as to the relative and specific amount of water from each source, it is sufficient to show that considerable water from the company's canals wrongfully ran into the creek that overflowed its banks and flooded Woodland's property. And everyone who permits water to waste on to the land of others without right is liable for his proportionate share of the injury caused or the harm resulting therefrom, even though the water allowed to run down by each would do no harm if not combined with that of others, and the injury is caused by the combined flow wherein the waters of all are mixed and indistinguishable. If the injury follows as the combined result of the wrongful acts of several, acting independently, recovery may be had severally against each of such independent tort-feasors in proportion to the contribution of each to the injury. (Gould on Watercourses, par. 222; *Sloggy v. Dilworth,* 38 Minn. 179, 8 Am. St. 656, 36 N. W. 451; 21 Am. & Eng. Ency. of Law, 719.)

The evidence is sufficient to sustain a verdict in plaintiff's favor for the amount of damage caused by the company's waste water, where it appears by a preponderance of the evidence that the company wrongfully permitted waste water to mix with other waters and the combined flow spread over Woodland's land to his damage. Exact and definite measurements of such waters are not essential to sustain the verdict of a jury in determining what amount of damages a company should pay under such circumstances as compensation for the injury caused by its part of such waters, although some evidence in that respect is essential.

The evidence in this case appears to be sufficient to sustain the judgment, especially in view of the rule that this court will not disturb the verdict of a jury where there is a substantial conflict in the evidence on which the verdict is based.

The company requested an instruction as follows:

"If you find that the plaintiff was damaged by the waters of irrigation ditches of settlers or seepage water, combined with the water of the defendant, then the defendant would be liable only for the proportionate amount of damage actually caused by the waters from the defendant's own ditch."

The court gave in lieu thereof the following instruction:

"The defendant would not be responsible for damages caused to the plaintiff's crops by reason of rains, cloudbursts or any other natural causes, nor would it be responsible for any damage due to water being discharged upon the plaintiff's lands, if there was any discharged thereon, through the irrigation ditches or canals of individual settlers over which the defendant had no control. Nor would it be responsible for any damage caused by seepage water due to the irrigation by the settlers of their respective lands. The defendant is liable, if at all, only for such damage as you may find it actually caused to plaintiff's crops through negligently allowing waters of the Portneuf river, brought through its laterals for irrigation purposes, to escape upon plaintiff's lands."

The instruction given by the court correctly states the law, and was substantially the same in legal effect on the point wherein complained of as the instruction requested by the irrigation company which was refused and which refusal the company assigns as error.

There is no reversible error in the trial court's rulings upon the admissibility of evidence.

The judgment of the district court is therefore affirmed. Costs awarded to respondent.

Sullivan, C. J., and Morgan, J., concur.