Argued October 25, affirmed November 16, 1915.

# MALLETT v. TAYLOR.

(152 Pac. 873.)

**Waters and Watercourses—Irrigation Ditches—Escape of Water—Overflow—Percolation.**

1. In suits to restrain the owners of irrigation ditches from negligently permitting escape of water therefrom, there is no legal distinction between the escape of water by overflow and by percolation, where the cause of escape can be traced to its source and shown to originate in the ditch.

[As to what are percolating waters, see note in 67 Am. St. Rep. 663.]

**Waters and Watercourses—Escape of Water—Liability—Negligence.**

2. A person who by artificial means causes water to percolate through the soil to the injury of his neighbor does so at his peril, and is legally responsible therefor irrespective of negligence.

**Waters and Watercourses—Irrigation Ditches—Escape of Water—Liability.**

3. Where water was caused to percolate into lands adjoining an irrigation ditch because of the negligent failure of the owner of the ditch to construct a waste ditch, he was liable to the owners of the adjoining land for injury caused by his negligence.

From Malheur: DALTON BIGGS, Judge.

In Banc. Statement by MR. JUSTICE McBRIDE.

This is a suit brought by C. W. Millett against S. F. Taylor, as administrator of the estate of A. A. Brown, deceased, to restrain defendant from negligently permitting water used by him in irrigating his land to escape by overflow and percolation on or into the adjoining lands of plaintiff, whereby it was alleged that plaintiff's lands were rendered too wet and swampy for cultivation and the usefulness thereof for cropping purposes destroyed. The complaint, which is too voluminous for insertion here, was met by denials putting the whole matter in issue, and upon trial had there were findings and a decree for plaintiff, from which defendant's administrator appeals.     AFFIRMED.

For appellant there was a brief over the names of *Mr. C. McGonagill* and *Mr. William E. Lees,* with an oral argument by *Mr. McGonagill.*

For respondent there was a brief over the name of *Messrs. McCulloch & Wood,* with an oral argument by *Mr. John W. McCulloch.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The evidence in the case is somewhat contradictory, but upon the whole we are of the opinion that that produced by plaintiff is based upon more accurate data and that the findings of fact made by the Circuit Court are correct; and they are therefore adopted as the findings of this court. From these findings it appears that plaintiff and defendant are adjoining land owners, and that a portion of defendant's land is situated on a somewhat higher elevation than a tract of plaintiff's land adjacent thereto; that in irrigating his land defendant does it in such a careless manner that the waste water flows into a depression in the same and accumulates there, and thence flows or percolates through the soil over and wets the adjoining land of plaintiff, rendering it unfit for cultivation. It appears from the testimony that the damage caused by actual overflow is comparatively slight, but that the injury caused by percolation of water from the depression before alluded to is so great as to render several acres of plaintiff's land, to a great extent, unfit for cultivation, and that it is apparent, at a not exorbitant expense, defendant could prevent this injury by constructing a proper waste ditch. The evidence shows that he has failed and refused to construct such a ditch, contending here that an irrigator is not required.

by law to take care of water percolating through his soil into the lands of his neighbor.

1. It is believed that no legal distinction exists between the case of waters escaping by overflow and waters escaping by percolation, where the cause of such escape can be traced to its source and shown to originate in the ditch, and no case has been cited by counsel which makes such distinction. The case of *Fleming* v. *Lockwood*, 36 Mont. 384 (92 Pac. 962, 122 Am. St. Rep. 375, 13 Ann. Cas. 263, 14 L. R. A. (N. S.) 628), merely holds that a ditch owner is not liable for damages caused to adjoining lands by seepage unless it shall be shown that such seepage was the result of his negligence—a proposition upon which courts are divided, as will be hereafter shown. The case of *Woodland* v. *Portneuf-Marsh Valley Irr. Co.,* 26 Idaho, 789 (146 Pac. 1106), holds that the owner of a supply ditch furnishing water to settlers along its course is not liable for damages caused by seepage or overflow escaping from ditches owned and constructed by settlers obtaining water from the supply ditch, and incidentally declares, by way of *dictum,* that the owner of the ditch from which the damage resulted was not liable for such damage unless it was the result of his negligence. Beyond the fact that some of the courts hold that the owner of a ditch or dam causing damage by seepage or overflow is liable irrespective of negligence, while others hold that he is liable only for negligently permitting water to escape from such causes, the courts generally make no distinction between cases of damage arising from water escaping by overflow and those arising from seepage, and logically there can be no reason for any distinction.

2. The question is not new in this state, but was settled by the opinion of Mr. Justice MOORE, in *Esson* v.

*Wattier,* 25 Or. 7 (34 Pac. 756), wherein, after citing a number of authorities, this conclusion is reached:

"If a person, by artificial means, raises a volume of water above its natural level, and, by percolation, or by overflow, injures neighboring lands without license, prescription or grant from the proprietor, the latter may invoke the interposition of a court of equity, and obtain an injunction to prevent it, when he would sustain irreparable injury, or be compelled to bring a multiplicity of actions to recover the damages as they accrued."

This case establishes the rule in this state that a person who by artificial means causes water to percolate through the soil to the injury of his neighbor does so at his peril and is legally responsible therefor irrespective of negligence. This rule follows the case of *Fletcher* v. *Rylands,* L. R. 3 H. L. 330, cited by Mr. Justice MOORE, wherein Mr. Justice BLACKBURN observes:

"If a person brings, or accumulates, on his land anything which, if it should escape, may cause damage to his neighbor, he does so at his peril."

Another case supporting this doctrine and in all material respects identical with the case at bar is *Parker* v. *Larsen,* 86 Cal. 236 (24 Pac. 989, 21 Am. St. Rep. 30). Other similar cases are: *Sylvester* v. *Jerome,* 19 Colo. 128 (34 Pac. 760), in which the court, while placing its decision upon a statute making owners of reservoirs liable for damages caused by leakage, observes that the statute is a mere affirmation of the common law: *Shields* v. *Orr Extension Ditch Co.,* 23 Nev. 349 (47 Pac. 194); *Wilson* v. *New Bedford,* 108 Mass. 261 (11 Am. Rep. 352); *Monson Mfg. Co.* v. *Fuller,* 15 Pick. (Mass.) 554; *Fuller* v. *Chickopee Falls*

*Mfg. Co.*, 16 Gray (Mass.), 46; *Pixley* v. *Clark*, 35 N. Y. 520 (91 Am. Dec. 72).

"The owner of the land over which the ditch is constructed cannot be required to take the risk of injury to his property from percolation, and, if the ditch cannot be managed so as to prevent injury from this cause, the owner of the ditch must pay for the injury done thereby as part of the compensation to be made for the right of way; and if the injury can be prevented, and is not, the owner of the ditch is liable as for negligence": Farnham on Waters, § 634.

3. In the instant case there is no need to invoke in all its severity the rule laid down in *Esson* v. *Wattier*, 25 Or. 7 (34 Pac. 756). The evidence tends to show that defendant provided no waste ditch, the construction of which would have prevented further injury, and, although plaintiff offered to provide a right of way at his own expense for such ditch, these reasonable proffers were rejected by defendant. The failure to provide this ditch was negligence which was the proximate cause of the injury, and all the authorities concur in holding a ditch owner or irrigator responsible in such a case: 10 Current Law, p. 2016; *Fleming* v. *Lockwood*, 36 Mont. 384 (92 Pac. 962, 122 Am. St. Rep. 375, 13 Ann. Cas. 263, 14 L. R. A. (N. S.) 628); *Jenkins* v. *Hooper Irr. Co.*, 13 Utah, 100 (44 Pac. 829); *McCarty* v. *Boise City Canal Co.*, 2 Idaho (Hasb.), 245 (10 Pac. 623), and cases there cited; *King* v. *Miles City Irr. Ditch Co.*, 16 Mont. 463 (41 Pac. 431, 50 Am. St. Rep. 506); *Lisonbee* v. *Monroe Irr. Co.*, 18 Utah, 343 (54 Pac. 1009, 72 Am. St. Rep. 784); *Denver* v. *Mullen*, 7 Colo. 345 (3 Pac. 693); *Howell* v. *Big Horn Basin Colonization Co.*, 14 Wyo. 14 (81 Pac. 785, 1 L. R. A. (N. S.) 596). In the briefs of counsel in the case last mentioned as reported in L. R. A. will be

found citations of the principal cases relating to this subject. It is curious to notice that, in the earliest law on the subject of irrigation known to mankind and promulgated in such a remote past that the common law seems comparatively a recent innovation, the rule announced in the foregoing cases was declared. In the laws of Hammurabi, who reigned over Assyria 700 years before the time of Moses, we find this statute:

"If a man neglect to strengthen his dyke and do not strengthen it, and a break be made in his dyke and the water carry away the farm land, the man in whose dyke the break has been made shall restore the grain which he has damaged. If he be not able to restore the grain, they shall sell him and his goods and the farmers whose grain the water has carried away shall share in the results of the sale": Harper's Code of Hammurabi, §§ 53, 54.

If we eliminate the severe "proceedings supplemental to execution," the law is practically the same to-day as it was in the year 2250 B. C.

In the case at bar we are satisfied that the defendant has conducted his irrigating operations so carelessly and with such disregard of the rights of plaintiff that the court was right in enjoining their further continuance in that manner. That cases must often arise whereby accident such as sudden floods or unusual rains or other accidents, damage may occur to adjoining fields which could not reasonably have been foreseen, and for which no action will lie, seems to be established by the later authorities; but to hold that a man may lawfully construct a ditch which from the manner of its construction must necessarily occasion substantial injury to the land of his neighbor either by overflow or by percolation, or that he can lawfully so irrigate his land as to do such substantial injury,

would be to grant him an easement in such adjacent land without compensation, and this the law will not permit.

The decree is affirmed.          AFFIRMED.