Argued January 17, affirmed February 6, 1917.

## TAYLOR *v.* FARMERS' IRR. CO.

(162 Pac. 973.)

**Waters and Watercourses—Seepage—Injunction—Burden of Proof.**

1.  One suing to restrain the maintenance of a water corporation's ditch across his land, because seepage therefrom was injuring the land, has the burden of proving that the water which injured the land had escaped from defendant's ditch.

**Waters and Watercourses—Seepage—Injunction—Evidence.**

2.  In a suit to enjoin the maintenance of a water corporation's ditch across plaintiff's land, evidence as to the construction and maintenance of the ditch, and of seepage therefrom as the cause of the injury, *held* not to entitle plaintiff to the extraordinary remedy of injunction.

> [As to liability of municipality for negligence in construction or operation of waterworks, see note in Ann. Cas. 1912A, 220.]

From Hood River: WILLIAM L. BRADSHAW, Judge.

This is a suit for injunction by Fred H. Taylor against the Farmers' Irrigation Company, a corporation, in which a decree was rendered in favor of defendant, and plaintiff appeals. The facts are set forth in the opinion of the court.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John Baker.*

For respondent there was a brief and an oral argument by *Mr. George R. Wilbur.*

Department 2. . MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to enjoin the defendant from allowing its waters to run upon plaintiff's lands. The Circuit Court denied the relief prayed for, and plaintiff appeals.

The defendant is a private corporation, organized in this state under the act of 1891 for the purpose of supplying water for general rental, sale or distribution, for domestic consumption, watering livestock and irrigation. It is engaged in taking water from Hood River and distributing it to lands along the west side of Hood River valley. Its right of way traverses along and inside the boundary of plaintiff's premises. The complaint charges that by reason of the defective construction of its ditch or canal, and by reason of its failure and negligence in keeping the ditch in good repair, the defendant company trespassed upon the lands of the plaintiff during the irrigating seasons of 1913 and 1914, by negligently and purposely allowing the waters of its ditch to seep, leak and escape through the bottom and side walls thereof and run down upon plaintiffs's lands, to his great and irreparable damage, and that the defendant refuses to desist, but persistently continues to flood such lands.

Defendant denies that it has been negligent, or that any water from its ditch or canal has escaped by leakage or seepage, or percolated upon plaintiff's lands, and contends that the same are naturally low, wet and swampy; that the waters found therein are the result of natural seepage and conditions; that its ditch was properly and skillfully constructed, and has been so

maintained. The company denies that it has caused plaintiff any injury, and asserts that in any event his remedy, if any, is not by injunction, but at law. The trial court found that defendant's ditch or canal was properly constructed, and had been kept in good repair, and that the water flowing therein did not seep or escape upon plaintiff's premises. Upon the trial the plaintiff introduced some testimony that seepage water was upon his lands, and appears to rely upon an inference that it escaped from defendant's canal. The proper and skillful construction and subsequent maintenance of the company's works shown by the evidence on its behalf is not disputed by the plaintiff, who evidently assumes that the defendant is liable if any water escapes from its ditch on to his lands, even if no injury is caused thereby.

1. The evidence shows that the lands of the plaintiff were to some extent wet prior to the construction of the defendant's ditch, and that there were three low places or draws thereon, so that it was possible for water to drain from the higher surrounding beach land on to that portion of plaintiff's land where the dispute arose. From the evidence it may be possible that there was a slight increase of the water upon his land, but to what extent it was increased is not shown. Neither is it shown that the lands in question are of any less value than they were prior to the alleged injury, nor that plaintiff's crops have been damaged to any appreciable extent by the seepage water, whatever its source. On the other hand it appears that plaintiff during the time raised good crops on the tillable portion of the land claimed to be too wet. The burden is upon plaintiff in such case to show that he has been injured: 3 Kinney, Irr., p. 3126, note.

2. Evidence was introduced on the part of the defendant fairly showing that its ditch was constructed according to the best known methods in order to prevent seepage or leakage, and that it has done all that it can do to keep the same in the best possible condition to prevent leakage. At times, especially when the water was first turned into the ditch in the spring, there was some leakage on account of gopher or mole holes through the banks.

There is no controversy in regard to the right of way for the defendant's canal. It must be assumed, therefore, that it has lawfully constructed its ditch over the lands of the plaintiff. The evidence shows that the defendant has been diligent in its effort to keep its ditch in repair, and to ascertain any leaks caused by gophers or otherwise, and to remedy the same. Plaintiff's evidence does not show that defendant has been guilty of negligence which has resulted in any actual damage to him. The statute under which the irrigation ditch was incorporated provides:

"Every corporation constructing a ditch or canal, flume, or reservoir, under the provisions of this act shall be liable for all damages done to the persons or property of others, arising from leakage or overflow of water therefrom growing out of want of strength in the banks or walls, or negligence or want of care in the management of said ditch or canal, flume or reservoir. * * * ": Section 6540, L. O. L.

Without using the exact language of the statute, a rule in conformity therewith was applied by this court in *Mallett* v. *Taylor,* 78 Or. 208, 213 (152 Pac. 873, 875), which was a case to restrain the defendant from negligently permitting water used by him in irrigating his land to escape by overflow and percolation on to the adjoining lands of plaintiff. Mr. Justice McBRIDE, speaking for this court, there said:

"In the case at bar we are satisfied that the defendant has conducted his irrigating operations so carelessly and with such disregard of the rights of plaintiff that the court was right in enjoining their further continuance in that manner.   That cases must often arise where by accident, such as sudden floods, or unusual rains or other accidents, damage may occur to adjoining fields which could not reasonably have been foreseen, and for which no action will lie, seems to be established by the later authorities"

It has been held that the owner of a ditch is not liable *per se* for leakage from his ditch, without negligence upon his part, by the burrowing of gophers or other animals: 3 Kinney, Irr., p. 3126, note; *Tenney* v. *Miners' Ditch Co.,* 7 Cal. 335.   However, if the ditch owner is negligent, and injuries occur from this cause, he is liable: *Greeley Irr. Co.* v. *House,* 14 Colo. 549 (24 Pac. 329).   The theory of plaintiff's case, as declared by his complaint, is that the defendant was negligent in the respects alleged.   He has failed to prove such negligence, and has also failed to show fairly that any injury was caused to his lands or crops by water seeping or leaking from the defendant's ditch.   We concur in the finding of the trial court that the plaintiff has not proved a case sufficient to warrant the exercise of the extraordinary remedy by injunction: See 3 Kinney, Irr., § 1672, p. 3079; *Emison* v. *Owyhee Ditch Co.,* 37 Or. 577 (62 Pac. 13); *Howell* v. *Big Horn etc. Co.,* 14 Wyo. 14 (81 Pac. 785, 1 L. R. A. (N. S.) 596); *Fleming* v. *Lockwood,* 36 Mont. 384 (92 Pac. 962, 122 Am. St. Rep. 375, 13 Ann. Cas. 263, 14 L. R. A. (N. S.) 1628); *Middelkamp* v. *Bessemer Irr. Co.,* 46 Colo. 102 (103 Pac. 280, 23 L. R. A. (N. S.) 795); *Garnet Ditch Co.* v. *Sampson,* 48 Colo. 285 (110 Pac. 79, 1136).

The decree of the lower court will therefore be affirmed.                                              AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.