LONGTIN, RESPONDENT, v. PERSELL ET AL., APPELLANTS.

(No. 1,880.)

(Submitted April 23, 1904. Decided May 5, 1904.)

*Nuisance—Blasting—Injuries — Liability—Exercise of Care.*

The carrying on of blasting on premises platted as city lots, continuously for over a year, constitutes a nuisance *prima facie,* irrespective of the care exercised, and a recovery may be had for injury to property owing to concussions of the air from blasting.

*Appeal from District Court, Lewis and Clarke County; J. M. Clements, Judge.*

ACTION by Joseph Longtin against Thomas B. Persell and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

### STATEMENT OF THE CASE.

This action was commenced by Joseph Longtin, plaintiff, against Thomas B. Persell and W. E. Persell, copartners doing business as the Persell Limestone Company. The plaintiff owns, is possessed of, has his residence and lives on, lot 13, block 553, original townsite of Helena. The defendants own and are operating a limestone quarry on portions of blocks 554 and 556 of the original townsite of Helena, and within the present corporate limits of the city of Helena. The complaint alleges that, for twelve months prior to the commencement of this action, defendants, in the conduct of their operations in said quarry, had used and exploded large quantities of powder in blasting out stone, and that, by means of such blasting, fragments of rock had been hurled with great force against plaintiff's dwelling house, doing damage thereto; that pieces of rock had been thrown upon his premises; and that the explosion of such blasts of powder had caused concussions of the air to such an extent as to shake his dwelling house, and to cause rents to be made in the walls, rendering the dwelling unsafe for residence purposes, and doing damage to it to the extent of $1,000. The answer denies that defendants caused any damage whatever to plaintiff's property, or that any damage had been sustained by plaintiff. The cause was tried to a jury, which returned a verdict in favor of the plaintiff; and from the judgment entered thereon, and from the order denying them a new trial, defendants appealed.

*Messrs. Toole & Bach,* and *Mr. M. S. Gunn,* for Appellants.

*Messrs. Nolan & Loeb,* for Respondent.

MR. JUSTICE HOLLOWAY, after stating the case, delivered the opinion of the court.

Numerous errors are assigned, but it is conceded that they all raise but one question. Appellants contend that they are not liable for damages caused to respondent's premises by reason of the vibrations of the earth or concussions of the air resulting from the blasting done by them, where no negligence is alleged or proved, and, in support of this contention, rely upon the decisions in the following cases: *Benner* v. *Atlantic Dredge Co.,* 134 N. Y. 156, 31 N. E. 328, 17 L. R. A. 220, 30 Am. St. Rep. 649; *Booth* v. *Rome, etc. Railroad Co.,* 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552; *Simon* v. *Henry,* 62 N. J. Law, 486, 41 Atl. 692; and *Sullivan* v. *Dunham,* 161 N. Y. 290, 55 N. E. 923, 47 L. R. A. 715, 76 Am. St. Rep. 274.

*Benner* v. *Atlantic Dredge Company* was an action by a property owner against the dredge company which had a contract with the government of the United States to remove an obstruction to navigation from East river, New York. In the performance of its work the dredge company used explosives, by reason of which plaintiff's building was injured. The court held that the defendant was not liable in the absence of a showing of negligence, but based its decision upon the ground that the general government had absolute power to make or have made the improvement mentioned, and could not be held liable for damage resulting therefrom, and that the defendant had all the authority which the government had to select the means necessary to be employed. The court said: "The defendant had the authority of the government, and kept within it, and therefore is not liable."

*Booth* v. *Railroad Company* was an action by a property owner against the railroad company to recover damages for in-

juries caused by the explosion of blasting powder. It appeared that it was necessary for the company to do the blasting in order to make necessary excavations for its track. In the opinion of the court, emphasis is laid upon the fact that this blasting was only a temporary expedient, necessary to reduce the property to the use for which it was intended, and the court makes a distinction between a case of that kind and one where the blasting is carried on continuously.

*Simon* v. *Henry* was an action by a property owner against certain defendants who had a contract with the municipal authorities of the town of Union, N. J., to construct a public sewer for the town. In making excavations in the street, the defendants employed blasting powder. The plaintiff's property was injured because of concussions of the air consequent upon the explosions of such powder. The decision of this case is made upon the authority of *Booth* v. *Railroad Co., supra,* and with reference to that case it is said: "In *Booth* v. *Rome, etc. Railroad Co.* * * * it was held that the temporary use of explosives in the blasting of rock, provided reasonable care be exercised, is lawful, and damage resulting from concussion thereby produced is *damnum absque injuria.*"

*Sullivan* v. *Dunham* was an action by an administratrix to recover damages for the unlawful killing of her intestate. Certain parties were employed by defendant Dunham to remove trees growing on his land near a public highway. The employes used dynamite in their operations, and, as a result of an explosion under a tree, a portion of the stump thrown into the public highway, along which plaintiff's intestate was traveling, killed her. It was conceded that defendants were on their own land, engaged in a lawful occupation, and no negligence was charged against them, but they were held liable. On principle, this case would seem to be opposed to appellants' contention, rather than support it. However, in the body of the opinion this language is used: "When the injury is not direct, but consequential, such as is caused by concussion, which, by shaking the earth, injures property, there is no liability, in the ab-

sence of negligence;" citing *Benner* v. *Atlantic Dredge Co.,* above. This seems to be purely *dictum*. The question of damages caused by concussions of the air or vibrations of the earth was not before the court. The cause of the injury was a portion of a tree thrown by force of the explosion of dynamite against the person killed. Neither is the doctrine announced supported by the authority cited, for, as we have already seen, the case of *Benner* v. *Atlantic Dredge Co.* was decided upon a wholly different ground.

We are not prepared, then, to agree with counsel for appellants that the courts of New York and New Jersey have announced the doctrine that for injuries sustained by the property of one, by concussions of the air caused by blasting on the property of another, no damages can be recovered in the absence of negligence on the part of the party causing the injury.

The Court of Appeals of New York has held that damages resulting from explosions of powder, which cast fragments of rock onto the property of another, can be recovered, even though no negligence be alleged or proved. (*Hay* v. *Cohoes Co.,* 2 N. Y. 159, 51 Am. Dec. 279; *St. Peter* v. *Denison,* 58 N. Y. 416, 17 Am. Rep. 258.) And the Supreme Court of New Jersey has held that in a case where defendant stored a large quantity of blasting powder within the city limits of Jersey City, which by accident exploded, causing injury to plaintiff's property, defendant was liable, in the absence of any showing of negligence (*McAndrews* v. *Collerd,* 42 N. J. Law, 189, 36 Am. Rep. 508.) We can perceive no reason for recovery in these latter cases which is not equally cogent in the one at bar, but, even if these courts should hereafter follow the rule contended for by appellants, we are not disposed to do so, for it appears contrary to reason and the great weight of authority.

In *City of Tiffin* v. *McCormack,* 34 Ohio St. 638, 32 Am. Rep. 408, the city owned a stone quarry on property adjoining plaintiff's property, and employed one Ardner to quarry and break stone for use upon the streets of the city. In his operations the employe used blasting powder, and, as a result of one

blast, fire was communicated to plaintiff's buildings, which were damaged thereby. The city was held liable, and the court said: "As between the owners of adjacent lands, the maxim of the common law, *Sic utere tuo ut alienum non laedas,* applies with special force, not because it forbids the exercise of the right of dominion or control of property, according to the pleasure of the owner, in one case more than in another, whether it be real or personal property, or whether it be owned for special or general uses, but because the right to use or control it according to the pleasure of the owner is limited under some circumstances more than under others. Undoubtedly the right to use property as the owner may please, provided that reasonable care is taken not to do unnecessary injury to others, is the ordinary rule. But this rule cannot be interposed to justify the committing of a trespass or the maintaining of a nuisance."

In *Bradford Glycerine Co.* v. *St. Mary's Woolen Manufacturing Co.,* 60 Ohio St. 560, 54 N. E. 528, 45 L. R. A. 658, 71 Am. St. Rep. 740, the defendant owned and operated a nitroglycerin plant. A certain quantity of this material, stored in a magazine, exploded, causing damage to plaintiff's property. The defendant contended, as appellants contend in this case, that it was not liable, for the reason that the damage was not caused by fragments of rock or other material being hurled against plaintiff's building or onto his property, but by violent atmospheric vibrations caused by the explosion. The defendant, however, was held liable in the absence of any showing of negligence; the court basing its opinion, apparently, upon the case of *Tiffin* v. *McCormack,* above, and *Fletcher* v. *Rylands,* L. R. 3 H. L. 330, where emphasis is laid upon the fact that the use made by the defendant of its premises was an extraordinary or unusual one, and constituted a nuisance.

In *McKeon* v. *See,* 51 N. Y. 300, 10 Am. Rep. 659, the defendant operated marble works on property adjacent to plaintiff's property. The defendant used steam power in operating a machine for cutting stone, and the jarring of plaintiff's building, caused by the operation of this machinery, damaged the

building, for which the defendant was held liable, though no negligence on his part was alleged or proved. The court reviewed the authorities at length, and held that the maxim, *"Sic utere tuo ut alienum non laedas,"* applies in a case of this kind. It does seem that the same reason which justifies recovery in an action of this character would likewise justify recovery in the case at bar.

In *Fitzsimons* v. *Braun,* 199 Ill. 390, 65 N. E. 249, 59 L. R. A. 421, the defendants were contractors of the city of Chicago, engaged to make excavations for water mains. It was necessary to use blasting powder in the prosecution of their work. The blasts caused concussions of the air and vibrations of the earth's surface to such an extent as to injure plaintiff's building. The defendants claimed that they did the work with due care, and were not guilty of any negligence whatever, particularly as there was no actual invasion of plaintiff's property by fragments of earth or rock thrown upon it. But the court held them liable for the injuries sustained, and, among other things, said: "If one who, for his own purposes and profit, undertakes to perform a work, by means of explosives, inherently dangerous to the property of another, should be held liable for an injury occasioned by any substance cast by the explosives on the property of such other, it is only by the merest subtility of reasoning he should be held not liable to respond for equal or greater damage caused by the concussion of the air or of the earth. There is no ground of substantial or practical distinction. The case of *Bradford Glycerine Co.* v. *St. Mary's Woolen Mfg. Co., supra,* may be regarded as authority for the view that liability in such cases is not restricted to an actual invasion of the property, but damages for consequential injuries may be recovered."

*Colton* v. *Onderdock,* 69 Cal. 155, 10 Pac. 395, 58 Am. Rep. 556, is a case the facts of which are practically identical with those in the case now under consideration. The defendant relied upon the proposition that, as he had performed his work in a careful and prudent manner, he could not be held liable.

But the court held otherwise, and, in disposing of his conten-
tion, said: "The fact that the defendant used quantities of
gunpowder—a violent and dangerous explosive—to blast out
rocks upon his own lot, contiguous to another person's, situate
in a large city, must be taken as an unreasonable, unusual and
unnatural use of his own property, which no care or skill in so
doing can excuse him from being responsible to the plaintiff
for the damages he actually did to her dwelling house, as the
natural and proximate result of his blasting. For an act which
in many cases is in itself lawful becomes unlawful when by it
damage has accrued to the property of another. And it would
make no material difference whether that damage, resulting
proximately and naturally from the act of blasting by the de-
fendant, was caused by rocks thrown against Mrs. Colton's
dwelling house, or a concussion of the air around it, which had
either damaged or entirely destroyed it. The defendant seems
by his contention to claim that he had a right to blast rocks with
gunpowder on his own lot in San Francisco, even if he had
shaken Mrs. Colton's house to ruins, provided he used care and
skill in so doing, and although he ought to have known that
by such act, which was intrinsically dangerous, the damage
would be a necessary, probable or natural consequence. But
in this he is mistaken."

If the damage to plaintiff's property had been caused by
fragments of rock thrown upon his property or against his
dwelling house by the blasting which defendants were doing,
the authorities are practically unanimous in holding that the
defendants would be liable, even though they exercised reason-
able care in their operations. (Cooley on Torts, 332.) We
can see no reason whatever for adopting that view, and at the
same time holding that they are not liable for damages occa-
sioned by the vibrations of the ground or the concussion of the
air. The agency employed in either case is the same, and the
danger as imminent in one instance as in the other.

It is to be observed that the defendants here were operating
upon lots platted for city purposes, and that their operations

were continuous over a period of at least one year. The liability arises from the unusual or extraordinary use to which appellants put their property, the fact that their operations were continuous, and that in these operations they used explosives in such quantities as to cause injury to plaintiff's property. These facts are at least *prima facie* evidence that appellants were maintaining a nuisance, and they cannot justify by showing that in maintaining such nuisance they exercised due care.

So far as this record discloses, plaintiff was entitled to the quiet and peaceable possession and enjoyment of his property, and could properly invoke, as against these appellants, the rule of the common law quoted above.

The judgment and order are affirmed.

*Affirmed.*