CAVANAUGH, RESPONDENT, *v.* CORBIN COPPER CO.,
APPELLANT.

(No. 3,925.)

(Submitted June 18, 1918.  Decided July 11, 1918.)

[174 Pac. 184.]

*Nuisances—City  Property—Quartz  Mining—Deeds—Reserva-*
*tion of Minerals—Surface Owners—Estoppel.*

Nuisances—What may and What Does not Constitute.
  1.  While, under section 6162, Revised Codes, defining a private
  nuisance, a legitimate and useful business or occupation cannot be
  suppressed on account of a trivial annoyance, one may not be driven
  from his home or compelled to live in positive discomfort in order
  to accommodate another in the pursuit of a business which offends
  the mind and taste of the average person.

Same—Quartz Mining.
  2.  A business otherwise lawful and useful, such as mining, may
  become a nuisance by reason of its location or the manner in which
  it is being conducted.

Same—Mining—What are not Defenses.
  3.  Where mining operations constitute a nuisance, it is no defense
  that they were carried on according to approved methods, that due
  care was exercised, or that mining is necessary to the industrial
  life of the particular district.

Same—Mining—Evidence—Sufficiency.
  4.  Evidence *held* sufficient to warrant a finding that quartz mining
  operations carried on in a residential portion of a city constituted
  a private nuisance within the meaning of section 6162, Revised
  Codes.

Same—City Property—Reservation of Minerals—Estoppel.
  5.  Where the minerals underneath a city addition were reserved
  to the grantor in a deed to lots sold for residence purposes, with
  the right to mine the same, provided that in the exercise of such
  right the occupant of the surface should not be disturbed, damaged
  or interfered with in its use and enjoyment, the purchaser was
  not estopped to complain of the manner in which mining was being
  carried on.

  [As to coal mine, yard or the like as a nuisance, see note in
  Ann. Cas. 1915D, 841.

*Appeal from District Court, Silver Bow County; John B.*
*McClernan, Judge.*

ACTION by M. J. Cavanaugh against the Corbin Copper Com-
pany, a corporation, and others.  From a judgment for plain-

For authorities dealing with the question as to whether operation of
mine constitues a nuisance, see note in **L. R. A.** 1917B, 313.

tiff, and an order denying its motion for a new trial, the Copper Company appeals.    Affirmed.

*Messrs. Shelton & Furman* and *Mr. A. J. Verhayen,* for Appellant, submitted a brief; *Mr. Frank Walker,* of Counsel, argued the cause orally.

To reach the minerals beneath the surface a miner must pass from the surface downward; otherwise, he cannot reach or work the mines beneath. This necessity gives the owner of the minerals rights reasonably requisite. He is not liable for any incidental damage necessarily occasioned by the ordinary and careful operation of his mine. (*Williams* v. *Gibson,* 84 Ala. 228, 5 Am. St. Rep. 368, 4 South. 350.) Nor is the mine owner responsible to the surface owner for disturbances caused by necessary blasting in the mine. (*Marvin* v. *Brewster Iron Mining Co.,* 55 N. Y. 538, 14 Am. Rep. 322, 13 Morr. Min. Rep. 40.) When mines are expressly excepted from a grant of land, at common law, the grantor had a way to work them, not by a balloon, but by a way reasonable at the time of the actual use. There is no other measure of the right than the common convenience and use of mankind. (*Artram* v. *Dobbs,* Ir. L. R., 30 C. L. 424.) A grant of coal in place, with the right to mine the same, carries with it the right to build railway tracks on the surface. (*Potter* v. *Rend,* 201 Pa. St. 318, 50 Atl. 821, 22 Morr. Min. Rep. 1; *Dand* v. *Kingscote,* 6 Mees. & W. 174.) The case of *Conigas Mines* v. *Cobalt,* 20 Ont. L. Rep. 622, holds that the owner of mineral rights in fee simple has the same rights to surface uses as defendants contend for in this case. (*Wardell* v. *Watson,* 93 Mo. 107, 5 S. W. 605.) The right to mine and excavate for coal carries with it as incidental thereto the right to go upon the land and dig for it and sink a shaft. (*Ewing* v. *Sandoval Coal Co.,* 110 Ill. 290; *Baker* v. *Pittsburg Co.,* 219 Pa. St. 398, 68 Atl. 1014.) A reservation of oil beneath the surface saves to the grantor the right to go upon the land and dig for oil in a reasonable manner. (*Dietz* v. *Mission Transfer Co.,* 95 Cal. 92, 30 Pac. 380.)

A case in many respects squarely in point is *Marvin* v. *Brewster Iron Co.*, 55 N. Y. 538, 14 Am. Rep. 322, 13 Morr. Min. Rep. 40.

Is a mine a nuisance or a public use, and does ordinarily prudent and careful mining constitute a nuisance? The letter and policy of the law and the decisions of the courts unquestionably answer both interrogatories in such manner that the plaintiff's contentions are wholly defeated, and the defendants' entirely justified. A mine is not a nuisance, but is a public use. (*Butte, A. & P. Ry. Co.* v. *Montana Union Ry. Co.*, 16 Mont. 504, 50 Am. St. Rep. 508, 41 Pac. 232; *Ellinghouse* v. *Taylor,* 19 Mont. 462, 48 Pac. 757; Lindley on Mines, 3d ed., p. 596.) Mining companies operating in a reasonably prudent and careful manner are protected by the law against the claims of all persons who assert that the industry which supports us all is to them personally objectionable. (*Kipp* v. *Davis-Daly Copper Co.*, 41 Mont. 509, 21 Ann. Cas. 1372, 36 L. R. A. (n. s.) 666, 110 Pac. 237.)

*Mr. J. A. Poore,* for Respondent, submitted a brief and argued the cause orally.

A nuisance resulting from noises of a railroad is a permanent nuisance depreciating the value of property, and all damages may be recovered in a single action. (*Frankle* v. *Jackson,* 30 Fed. 398; *Chicago etc. R. R. Co.* v. *O'Connor,* 42 Neb. 90, 60 N. W. 326; *Miller* v. *Edison Elec. Co.*, 184 N. Y. 17, 6 Ann. Cas. 146, 3 L. R. A. (n. s.) 1060, 76 N. E. 734.) Where the nuisance is permanent in character, future, prospective and past damages are recoverable. (*Jos. Schlitz Co.* v. *Compton,* 142 Ill. 511, 34 Am. St. Rep. 92, 18 L. R. A. 390, 32 N. E. 693; *Powers* v. *Council Bluffs,* 45 Iowa, 652, 24 Am. Rep. 792; *Beatrice Gas Co.* v. *Thomas,* 41 Neb. 662, 43 Am. St. Rep. 611, 59 N. W. 925; *Consolidated Home etc. Co.* v. *Hamlin,* 6 Colo. App. 341, 40 Pac. 582; *Watson* v. *Colusa-Parrot etc. Co.*, 31 Mont. 513, 79 Pac. 14; *Chicago B. & Q. Ry. Co.* v. *O'Connor,* 42 Neb. 90, 60 N. W. 326.)

Depreciation in value is an element of damage. (*Berger* v. *Minneapolis Gaslight Co.*, 60 Minn. 296, 62 N. W. 336; *Swift* v. *Broyles*, 115 Ga. 885, 58 L. R. A. 390, 42 S. E. 277.) If the proof shows with reasonable certainty a wrong by which the value of property in the neighborhood is depreciated, damages should be allowed for the injury past, present and prospective. (*City of Ardmore* v. *Orr*, 35 Okl. 305, 129 Pac. 871.) Future prospective damages are recoverable. (*Jos. Schlitz Co.* v. *Compton, supra; Powers* v. *Council Bluffs*, 45 Iowa, 652, 24 Am. Rep. 793; *Quinn* v. *Chicago etc. Ry. Co.*, 63 Iowa, 510, 19 N. W. 336; *Watson* v. *Colusa-Parrot etc. Co., supra.*)

To constitute a taking of property it is not necessary that there be actual deprivation of the property. If the owner is prevented from having the full and undisturbed use and enjoyment of his property, as by making it uninhabitable by smells, odors or noise, or even less desirable, by such means, there will be a taking of property for which compensation must be made. (*Pumpelly* v. *Green Bay Co.*, 13 Wall. (U. S.) 166, 20 L. Ed. 557; *Cogswell* v. *New York etc. Ry. Co.*, 103 N. Y. 10, 57 Am. Rep. 701, 8 N. E. 537; *Eaton* v. *Boston etc. R. Co.*, 51 N. H. 504, 12 Am. Rep. 147.) Enjoyment of plaintiff's premises under the circumstances would require nerves of brass and heart of steel. (*Ashbrook* v. *Commonwealth*, 1 Bush (Ky.), 139, 89 Am. Dec. 620.) Noises, jars, vibrations resulting from the use of machinery which impairs the useful enjoyment of the premises and affected the value of the property is a nuisance. (*Bly* v. *Edison Elec. etc. Co.*, 172 N. Y. 1, 58 L. R. A. 500, 64 N. E. 745; 21 Am. & Eng. Ency. of Law, p. 706; *Choctaw etc. R. R. Co.* v. *Drew*, 37 Okl. 396, 44 L. R. A. (n. s.) 38, 130 Pac. 1149; *Blomen* v. *N. Barstow Co.*, 35 R. I. 198, 44 L. R. A. (n. s.) 236, 85 Atl. 924.)

A lawful business may become a nuisance by being located in an inappropriate place. (*Gilbert* v. *Showerman*, 23 Mich. 448.) Any trade or business injuring property is a nuisance. (*Susquehanna Fert. Co.* v. *Malone*, 73 Md. 268, 25 Am. St. Rep. 595, 9 L. R. A. 737, 20 Atl. 900.) If a nuisance is proven, it is no

defense that reasonable care was taken to prevent it, as that the business from which the nuisance arose was conducted according to the most approved methods. (*Chicago etc. Ry. Co. v. First Meth. Episcopal Church,* 102 Fed. 85; *Laflin etc. Powder Co.* v. *Tearney,* 131 Ill. 322, 19 Am. St. Rep. 34, 7 L. R. A. 262, 23 N. E. 389; *People* v. *Detroit White Lead Co.,* 82 Mich. 171, 9 L. R. A. 722, 46 N. W. 735; *People* v. *Burtleson,* 14 Utah, 258, 47 Pac. 87.) The locality is to be considered, for that which may not be a nuisance may become so if located in a residential portion of a city. (29 Cyc., p. 1157; *Dargan* v. *Waddil,* 9 Ired. (N. C.) 244, 49 Am. Dec. 421.) A fair test is the reasonableness or unreasonableness of the business in the locality. (*State* v. *Cantieny,* 34 Minn. 1, 24 N. W. 458; *Exley* v. *Southern Oil Co.,* 151 Fed. 101; *United States* v. *Luce,* 141 Fed. 385.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The Lawlor and Kemper addition to Butte comprises the surface ground of the Gambrinus Quartz Lode mining claim which was platted and sold generally for residence purposes. About 1905 plaintiff purchased lot 20, block 2, with a dwelling on it, and ever since has occupied the premises as a residence for himself and family. The defendant Corbin Copper Company became the owner of lots 10, 11, 12 and 18 in the same block, and in 1913 commenced sinking a shaft on lot 18, about fifty feet from plaintiff's residence, and continued the work for a year or more. In furtherance of its purpose the company placed upon its lots a gallows frame, a tramway, a blacksmith-shop, and other structures and machinery necessary to the prosecution of mining operations. This action was brought to recover damages, upon the theory that appellant was maintaining a nuisance which injuriously affected the health and comfort of plaintiff and his family and the value of their property. Certain individuals were joined as defendants, but they were acquitted of liability. The plaintiff prevailed as against the

copper company, and it appealed from the judgment and from an order denying a new trial.

Three questions are submitted for determination: (1) Did the mining operations of the defendant company constitute a nuisance? (2) Is plaintiff estopped by deed from complaining of defendant's operations? (3) Does the evidence justify a judgment for more than nominal damages?

1. Section 6162, Revised Codes, provides: "Anything which [1] is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, * * * is a nuisance." The language of this statute is to be given a common-sense construction. On the one hand, it takes care that a legitimate and useful business or occupation shall not be suppressed on account of some imaginary or trifling annoyance, which offends the over-refined tastes or disturbs the supersensitive nerves of a fastidious person; on the other, it does not permit anyone, whatever his circumstances, to be driven from his home, or compelled to live in it in positive discomfort, in order to accommodate another, in the pursuit of his business which offends the mind and taste of the average individual.

The question of nuisance *vel non* is not to be determined in [2] the abstract. Every case must be considered with reference to its own peculiar facts and circumstances. No one would have the temerity to contend that mining is *per se* a nuisance; but it is elementary that a business otherwise lawful and useful may become a nuisance, by reason of its location or the manner in which it is conducted. Neither a powder magazine nor a stone quarry is of itself a nuisance, but either may become such when located in a populous community or in a residence district. (*Cameron* v. *Kenyon-Connell Co.*, 22 Mont. 312, 74 Am. St. Rep. 602, 44 L. R. A. 508, 56 Pac. 358; *Longtin* v. *Persell*, 30 Mont. 306, 104 Am. St. Rep. 723, 2 Ann. Cas. 198, 65 L. R. A. 655, 76 Pac. 699.) Upon the same principle a gas plant (*Judson* v. *Los Angeles S. G. Co.*, 157 Cal. 168, 21 Ann.

Cas. 1247, 26 L. R. A. (n. s.) 183, 106 Pac. 581), an insane asylum (*Shepard* v. *Seattle,* 59 Wash. 363, 40 L. R. A. (n. s.) 647, 109 Pac. 1067), a brick kiln (*Face* v. *Cherry,* 117 Va. 41, 'Ann. Cas. 1917E, 418, 84 S. E. 10), or a tin-shop (*Dennis* v. *Eckhart,* 3 Grant Cas. (Pa.) 390), may become a nuisance. Numerous other illustrative cases will be found cited in 29 Cyc. 1165 *et seq.* If the evidence brings appellant's mining opera-
[3] tions within the definition given in section 6162 above, it is no defense to say that they were carried on according to approved methods, or that in maintaining the nuisance appellant exercised due care, or that mining is necessary to the industrial life of the particular district. Community benefits cannot be urged as justification for the injury or destruction of private property without compensation. (*Townsend* v. *Norfolk R. & L. Co.,* 105 Va. 22, 115 Am. St. Rep. 842, 8 Ann. Cas. 558, and note, 4 L. R. A. (n. s.) 87, 56 S. E. 970; *Appeal of Pennsylvania Lead Co.,* 96 Pa. 116, 42 Am. Rep. 534; *Columbus C. & I. Co.* v. *Tucker,* 48 Ohio St. 41, 29 Am. St. Rep. 528, 12 L. R. A. 577, 26 N. E. 630; *People* v. *White Lead Works,* 82 Mich. 471, 9 L. R. A. 722, 46 N. W. 735.)

The evidence discloses that these mining activities were begun
[4] in a residential portion of the city, after it had been built up for residence purposes; that before such time it was a desirable, quiet neighborhood, and well adapted for residence purposes; that the shaft, tramway, hoisting engine, air-compressor, air-containers, blacksmith-shop, and all machinery were in close proximity to plaintiff's dwelling-house; that the inmates of the house were disturbed at all times of the day and night by loud and unusual noises, blasting, ringing of bells, dumping of cars, running of cars over the tramway, rumblings and vibrations of hoisting engines, pumps, air-compressors and other machinery, and periodically by day and night by heavy explosions of dynamite, which awakened the inmates from sleep and jarred and shook the house and furniture; that such noises, vibrations and concussions were a source of great annoyance and discomfort to the inmates of plaintiff's home, and made it unpleasant

and uncomfortable to live in, and caused plaintiff's wife to become nervous and her health to be temporarily injured by reason thereof; that such conditions continued for a year or more, and defendant admits in the answer that such activities will be resumed and continued indefinitely. It is disclosed, further, that plaintiff's property suffered structural injury, and that its value depreciated one-half. Under these circumstances, the trial court did not err in its conclusion that appellant was maintaining a private nuisance.

2. But it is insisted that, even though these activities caused some substantial annoyance and damage, plaintiff cannot be [5] heard, because he is estopped, by the condition of the deed conveying him legal title to his property, from complaining of mining operations by defendant. Whether plaintiff is estopped depends upon the terms of his deed. If it purports to do nothing more than sever the minerals from the superjacent soil and reserve to the grantor the mining rights, it may well be contended that there is implied in the reservation the right in the grantor and in defendant—a grantee from a common source— to employ such means and processes, for the purposes of extracting the ores, as may be reasonably necessary in the light of modern invention. (3 Lindley on Mines, 3d ed., sec. 813.) But the deed in question does more. It is in the usual form, with this addition: "It is understood that only the surface ground of the premises above described is herein conveyed, and that the party of the first part continue the owner of all minerals beneath the surface thereof, with the right to mine and extract the same: Provided, that in the exercise of such mining rights said premises shall not be disturbed, damaged, or interfered with by said party of the first part." Plaintiff's grantor did not see fit to make an unconditional reservation of his mining rights, but voluntarily limited his right to such mining operations as would not disturb, damage or interfere with the plaintiff in the use and occupation of the surface ground embraced in lot 20. The parties to the deed were free to make any lawful contract, and plaintiff may rely with confidence

upon the terms quoted above, which recognize the correlative rights of grantor and grantee, and in effect bind each alike to the observance of the equitable rule expressed by the maxim: "*Sic utere tuo ut alienum non laedas.*"

While plaintiff may not be heard to deny generally appellant's right to utilize its property, he is not estopped by his deed to complain of particular mining operations which disturb or interfere with the quiet and peaceable possession and enjoyment of his own premises, or of acts of the appellant which cause damage to his property.

In their presentation of this case, counsel have assumed that the copper company acquired mining rights, and we have proceeded upon that assumption, though the fact is not alleged in any of the pleadings.

3. No useful purpose would be served in reciting the evidence in detail or in substance. In our opinion it is sufficient to sustain the finding that plaintiff has been damaged to the extent of $1,250.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.