BUTALA, RESPONDENT, *v.* UNION ELECTRIC CO., ET AL.,
APPELLANTS.

(No. 5,448.)

(Submitted May 21, 1924,   Decided June 10, 1924.)

[226 Pac. 899.]

*Injunction—Reservoirs—Flooding of Lands—Absence of Negli-
gence Defeats Action—Common-law Actions—Distinctions Ob-
tain Under Code Practice.*

Actions—Common-law Distinctions Existent.
    1.   While under the Codes (sec. 9008) there is but one form of civil
action for the enforcement and protection of private rights and re-
dress or prevention of private wrongs, yet the common-law distinc-
tions between the different causes of action still obtain, the reasons
underlying them being still the same.

Real Property—Trespass—Trespass on the Case—Distinction.
    2.   The action of trespass upon real property presumes the active
agency on the part of the wrongdoer causing the injury—the doing
of the act wantonly or in total disregard of the other's rights; while
the action of trespass on the case assumes that the injury is con-
sequential, or the direct injury is the result of negligence or non-
feasance.

Same—Reservoirs—Overflowing of Lands—Trespass on the Case—Absence
of Negligence—Fatal to Action.
    3.   In an action by a land owner against the owner of a dam and
reservoir used for generating electric power, for damages to lands
caused by an overflow of water incident to an accumulation of snow
and ice in the ditch into which the water from the reservoir was con-
ducted, *held* that the evidence showing that the injury was only
consequential and not the result of wantonness or a total disregard
of plaintiff's rights, the action was one in the nature of the common-
law action of trespass on the case, and failure of plaintiff to show
negligence on the part of defendant by pleading and proof barred
his right of recovery.

*Appeal from District Court, Beaverhead County; Jos. C.
Smith, Judge.*

ACTION by John Butala against the Union Electric Company
and another.   From judgment for plaintiff, defendant appeals.
Reversed and remanded, with instructions.

*Mr. E. J. Callaway* and *Mr. J. E. Kelly,* for Appellant, sub-
mitted a brief; *Mr. Kelly* argued the cause orally.

Citing: *Jeffers* v. *Montana Power Co.,* 68 Mont. 114, 217 Pac.
652; *Fleming* v. *Lockwood,* 36 Mont. 384, 122 Am. St. Rep. 375,

14 L. R. A. (n. s.) 628, 92 Pac. 962; *Hopkins* v. *Butte, etc.*, 13 Mont. 223, 40 Am. St. Rep. 438, 33 Pac. 817; Gould on Waters, 298.

*Mr. W. J. Cushing* and *Messrs. Norris, Hurd & Collins,* for Respondent, submitted a brief; *Mr. Cushing* argued the cause orally.

In the *Jeffers Case* (68 Mont. 114, 217 Pac. 652), upon which appellant relies, the defendant throughout asserted that the action was one in trespass on the case and that no other theory applied. Here appellant asserted the contrary, and with that contention the court concurred. The *Jeffers Case* was decided after this case was tried.

Moreover, a wide difference between this case and the *Jeffers Case* exists. There, the water which caused the damage was on its way to generate power at a hydroelectric plant below. The river channel was as much a part of the power-producing equipment as were the dam, the reservoir or the turbines through which it later passed. It was necessary for the water to be conducted through that channel. An injunction would have prevented the power company, in time of greatest need, from using the water which it had stored, and, at such periods, would have effectually crippled the business. Here, defendant's plant lies entirely above the lands injured. The water had surrendered its potential energy and had become waste before the flooding occurred. The release of water in the manner complained of, *i. e.*, into ditches which were temporarily constructed, served no purpose in the development of power, and was done in willful disregard of plaintiff's right and as to him constituted trespass.

We do not understand this court in the *Jeffers Case* to announce that an appropriator of water, because he acts under license of the law, is exempt from liability for damages resulting from his operations, where such injury could reasonably have been avoided by him. (*Fitzpatrick* v. *Montgomery*, 20 Mont. 186, 50 Pac. 416.)

As to acts constituting trespass, see *Fleming* v. *Lockwood,* 36 Mont. 384, 122 Am. St. Rep. 375, 13 Ann. Cas. 263, 14 L. R. A. (n. s.) 628, 92 Pac. 962; *Wheeler* v. *Norton,* 92 App. Div. 368, 86 N. Y. Supp. 1095; *Colton* v. *Onderdonk,* 69 Cal. 159, 58 Am. Rep. 556, 10 Pac. 397; *Patton* v. *McCants,* 29 S. C. 597, 6 S. E. 848; *McKee* v. *Delaware & H. Canal Co.,* 125 N. Y. 353, 21 Am. St. Rep. 740, 26 N. E. 305.

MR. JUSTICE STARK delivered the opinion of the court.

Plaintiff brought this action to recover damages from the defendants Union Electric Company and Lovell Livestock Company on account of the destruction of crops growing upon his land and injuries to the land itself. In his complaint he alleged that the defendants maintained a dam and reservoir for impounding the waters of certain springs arising in the mountains southward from his land and for the purpose of conducting the water away from the reservoir had built a ditch below the dam and above his lands which was so located that, when it was permitted to overflow, the waters thereof were diverted to and upon his lands; that during the winter months of 1920–21 and 1921–22 the defendants impounded water in this reservoir and for long intervals of time prevented any of it from flowing into the ditch, so that it became partly filled with snow and ice and then from time to time while the ditch was in that condition, and with full knowledge thereof and of the consequences which would follow, released from the reservoir and turned into the ditch large quantities of water which it was unable to carry; that the water overflowed the ditch and spread over the plaintiff's lands in freezing weather and formed ice thereon, by reason of which his crops were destroyed and the land greatly depreciated in value; that plaintiff protested against such acts without avail; that the defendants threatened to and would, unless restrained, continue to use the water in this manner and to flood his lands from year to year, thereby destroying his crops and rendering his land valueless and subject him to a multiplicity of suits for damages. The prayer is for damages and for an injunction to restrain the defendants from permitting the water to flow over his land.

Since the action was dismissed as to the defendant Lovell Livestock Company, it is not necessary to consider the matters set forth in its answer.

The defendant Union Electric Company filed a separate answer denying plaintiff's damages, and set out that it was engaged in the lawful business of generating electricity for the city of Dillon and other commercial purposes, and in connection therewith owned and operated a power plant situated about 3,000 feet from a certain spring known as the Lovell Warm Spring, and as a part of its generating system maintained the reservoir mentioned in the complaint which was located in the vicinity of said Warm Spring and above its power plant; that the water was conducted from the reservoir down to its plant through a pipe, then over the power-wheel and discharged into what is designated as the Sturgis ditch, which had been theretofore constructed for the purpose of conducting said discharged waters down to the Beaverhead River. It is also alleged that the defendant Lovell Livestock Company is solely responsible for the care, dominion over, control and use of said ditch, and the water conducted thereby, after discharge of the waters from defendant's generating plant; and that this defendant is not in any way liable or responsible for the use, maintenance, control or dominion of said ditch, or the waters flowing therein. The plaintiff did not file a reply to this answer.

The case was tried to a jury. The plaintiff contended at the trial, and also contends in this court, that the action is based upon a plain trespass upon his lands and that the element of negligence is not involved. This theory was adopted by the trial court in all rulings upon the admissibility of evidence, as well as in the instructions given to the jury.

After both plaintiff and defendant had closed, upon motion of plaintiff, the action was dismissed as to the defendant Lovell Livestock Company. Thereupon the defendant Union Electric Company moved the court to direct the jury to return a verdict in its favor upon the ground that there was not sufficient evidence to go to the jury, and particularly in that there was no

showing that the acts complained of were negligently committed; and for the further reason that it failed to show that this defendant wantonly, willfully, knowingly or maliciously permitted the water to flow from the Sturgis ditch upon the premises of the plaintiff, and that no trespass had been shown. This motion was overruled and the jury returned a verdict in favor of the plaintiff, upon which a judgment was rendered. The defendant Union Electric Company made a motion for a new trial, which was denied, and this appeal is taken from the judgment.

Numerous errors are assigned, but in the view which we take of the case it is only necessary to consider the one which questions the decision of the court in denying the defendant's motion for a directed verdict. When this motion was made, the status of the case was this: The plaintiff was seeking to recover damages for a plain trespass to real property. He was not claiming any negligent acts on the part of the defendant which had caused his damage. It was not then disputed but that the defendant was engaged in a lawful business, conducted in a lawful way and in a non-negligent manner.

While our Code (sec. 9008) provides that there shall be but [1] one form of civil action for the enforcement and protection of private rights and the redress or prevention of private wrongs, yet the distinctions between the different causes of action still obtain—the reasons underlying them are still the same. (*Glass* v. *Basin & Bay State Min. Co.*, 31 Mont. 21, 77 Pac. 302.)

Since plaintiff tried his case upon the theory that it was one [2] for trespass upon real property and insisted that the question of negligence was not at all involved, it is necessary to determine just what causes of action are embraced within that designation.

The question frequently arises in connection with the statute of limitations, and so arose in the case of *Hicks* v. *Drew*, 117 Cal. 305, 49 Pac. 189, in which the court said: "While in this state all distinctions between common-law actions are abolished as relating to procedure, yet it is plain that we are bound to

consult the common law, and the classification of common-law actions, for the proper determination as to what the law-making power of this state had in mind when using the phrase, 'trespass upon real property.' "

At the common law plaintiff's cause of action would have fallen into one of two classes—either trespass or trespass on the case, in the latter of which negligence is the very gist of the action.

It is uniformly held that an injury is a trespass only when it is directly occasioned by, and is not merely a consequence resulting from, the act complained of. (*Holly* v. *Boston Gas Light Co.,* 8 Gray (Mass.), 123, 69 Am. Dec. 233; *Roundtree* v. *Bramley,* 34 Ala. 544, 73 Am. Dec. 470.)

In *Fleming* v. *Lockwood,* 36 Mont. 384, 122 Am. St. Rep. 384, 13 Ann. Cas. 97, 14 L. R. A. (n. s.) 628, 92 Pac. 962, this court said: "An action of trespass presumes the active agency on the part of the wrongdoer causing the injury, or, what is the same thing, the doing of the act wantonly or in total disregard of the other's right; while the action on the case assumes that the injury is consequential, or the direct injury is the result of negligence or nonfeasance. In other words, trespass implies wantonness, malice or willfulness, while trespass on the case implies only negligence."

Therefore, in determining whether the plaintiff's alleged injury and damage could be redressed in an action of trespass or whether it was necessary for him to allege and prove negligence, we may limit the inquiry to the question whether they were the direct result of defendant's act or only consequential. Thus limited, the question is easy of solution.

The defendant's business was lawful. It had the legal right to construct a dam and impound the water of Lovell Warm Spring, to cause it to flow over its water-wheels and then dump it into the Sturgis ditch. It did all these things in a proper manner. Its acts in doing them did not result in injury to the plaintiff. The plaintiff's injury and damage resulted from another and wholly independent cause, *i. e.,* the accumulation of ice and snow in the Sturgis ditch in such quantities as to

prevent the water from passing on down to the Beaverhead River and causing it to overflow the banks of the ditch and thence to and upon plaintiff's land. Clearly, this result did not flow directly from defendant's acts, but was only consequential. Therefore the plaintiff did not show a trespass upon his lands by the defendant. If he had a cause of action against defendant, it was upon the ground of negligence.

It is not necessary to refer to the former decisions of this court indicating the distinction between the actions of trespass and trespass on the case and making application of the distinction to facts which in principle are similar to those involved here, for the reason that they are cited in the recent case of *Jeffers* v. *Montana Power Co.*, 68 Mont. 114. 217 Pac. 852. (See, also, *Suter* v. *Wenatchee Water Power Co.*, 35 Wash. 1, 102 Am. St. Rep. 881, 76 Pac. 298.)

The defendant's motion for a directed verdict should have been sustained. The judgment is reversed and the cause remanded to the district court, with instructions to dismiss the same.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.