JOHN P. FRANCIS, MRS. WINIFRED FRANCIS SELVIG AND HOWARD FRANCIS, PLAINTIFFS AND APPELLANTS, *v.* SUN OIL COMPANY, A CORPORATION, DEFENDANT AND RESPONDENT.

No. 9784.
Submitted April 13, 1959. Decided June 4, 1959.
340 Pac. (2d) 824.

Brattin, Habedank & Cumming, Sidney, for appellants. Wayne K. Cumming, Sidney, argued orally.

Sanders, Cresap & June, Sidney, for respondent. Paul H. Cresap, Sidney, argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiffs brought this action to recover damages as a result of seismographic exploration activities conducted by defendant on their land resulting in the destruction of a spring of water.

The complaint charges that plaintiffs own certain land situated in Richland County which was described by legal subdivisions and that there was situated thereon a spring from which flowed a supply of water ample for all ranching operations conducted on the land prior to July 1, 1954; and that about that date defendant entered upon the land, drilled holes thereon, placed explosive substances therein and caused them to explode, all as a part of seismographic exploration activities.

The complaint alleges that defendant, and its agents, entered the lands unlawfully and without plaintiffs' permission and as trespassers; that the setting off of the explosions was unlawful, malicious and oppressive; that as a result of the explosions the spring on plaintiffs' land ceased to flow except in early spring when it flowed only at a greatly reduced rate. Plaintiffs claimed damages to their property in the sum of $4,000, and they sought exemplary damages in the sum of $2,000. Plaintiffs did not rely on negligence but on trespass. The action was predicated on section 58-601, R.C.M. 1947, reading:

"Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights."

At the conclusion of plaintiffs' evidence, defendant made a motion for nonsuit which the court took under advisement. Defendant thereupon introduced evidence and then made a motion for directed verdict. The court at this point granted the motion for nonsuit. The ground of the motion for non-

suit was that the evidence did not show an unlawful trespass but on the contrary showed that plaintiff, John P. Francis, consented to defendant being on the land and watched all the acts done by defendant. It relies on the cases of Butala v. Union Electric Co., 70 Mont. 580, 226 Pac. 899, and Fleming v. Lockwood, 36 Mont. 384, 92 Pac. 962, 14 L.R.A., N.S., 431, 122 Am. St. Rep. 384.

In the Butala case the court reasoned that the damage and injury in that case were not the direct result of defendants' act but only "consequential," hence there was no trespass upon plaintiff's land and if he had any cause of action it was upon the ground of negligence.

That case differs from this in that here, the proof is clear that the injury and damage to plaintiffs' land and spring was caused directly by the acts of defendant, or at least that the evidence on the point was one for the jury.

The Fleming case, supra [36 Mont. 384, 92 Pac. 964], is likewise distinguishable from this one. In that case the court distinguished between actions for trespass and those in trespass on the case. The court said, "In other words, trespass implies wantonness, malice, or willfulness, while trespass on the case implies only negligence." The court concluded that the Fleming case was trespass on the case.

Here as we shall later point out the action is for trespass and not for trespass on the case.

Defendant contends that the proof shows there was no trespass by defendant it was shown that plaintiffs consented to defendant's acts. It is true that the proof shows that plaintiffs did not object to defendant making the seismographic tests. Plaintiffs thought it was the Shell Oil Company which had a right to be there that was conducting the operations.

However, plaintiff John Francis did protest that defendant was getting too close to the spring and that he did not want them to ruin his water supply. He testified:

"Q. And you had a conversation with members of the crew at that point? A. Yes sir.

"Q. State what you recall of the conversation? A. I went to them when they started the third hole and told them they were getting too close to the spring. I had heard it ruined people's wells and springs and I didn't want to ruin mine.

"Q. What reply did you receive? A. They said they had been doing it for a good many years and no damage had been done and I told them to be sure, damn sure no damage was done to this spring.

"Q. At that time did any member ask your permission to operate on your land? A. No.

"Q. Did you later see an explosion take place? A. I did.

"Q. Where were you at that time in relation to the shot hole? A. About sixty yards from it.

"Q. Did you watch them? A. I did.

"Q. What did you see? A. I saw a geyser, like Old Faithful, go up in the air.

"Q. How far did the shot go up in the air—what did you see go up in the air? A. Mud and water.

"Q. How far did the mud reach do you know? A. It went way up high, I would say about fifty feet and out about one hundred foot or better."

This evidence stands undisputed.

Hence, if by their words or actions plaintiffs consented that ▬ defendant might enter their lands for seismographic operations, when defendant caused explosions so near to the spring as to disturb its flow over plaintiffs' protest, it was a trespasser *ab initio*.

Such was the ruling in General Geophysical Co. v. Brown, 205 Miss. 189, 38 So. (2d) 703, 704. In that case consent to geophysical operations was given but on condition that they do not do so near the plum orchard which was too near the water well and residence. Notwithstanding this condition defendant exploded a charge of dynamite at the place where the defendant was cautioned not to do so resulting in the damages complained of. The court said "there was presented an issue for the jury as to whether or not the defendant had willfully violated the

express terms of the limited consent given, and had thereby become a trespasser *ab initio.*"

This rule was referred to approvingly in the later case of Magnolia Petroleum Co. v. McCollum, 211 Miss. 166, 51 So. (2d) 217.

This case is comparable to that of Longtin v. Persell, 30 Mont. 306, 76 Pac. 699, 65 L.R.A. 655, 104 Am. St. Rep, 723, where damage to plaintiff's property occasioned by vibrations of the ground from blasting were properly recoverable without alleging or proving negligence. To the same effect is Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So. (2d) 845; and see Cavenaugh v. Corbin Copper Co., 55 Mont. 173, 174 Pac. 184.

Defendant relies on the general rule pointed out in the note in 20 A.L.R. (2d) 1408, to the effect that where blasting is done on plaintiff's property with his consent there is no liability in the absence of negligence. But the author recognizes the exception to the rule by saying, "However, where the blaster exceeds his authority, it seems that he becomes a trespasser *ab initio* and liable irrespective of negligence."

Since the action must be remanded for another trial one other question must be considered. Plaintiffs seek recovery of punitive damages in addition to actual damages. The willful act of defendant in going ahead with its operations after being warned that it was getting too close to the spring is sufficient evidence of legal malice within the definition given in Mosback v. Smith Brothers Sheep Co., 65 Mont. 42, 210 Pac. 910, to make the question of punitive damages one for the jury.

The judgment is reversed and the cause remanded for trial.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY and CASTLES, concur.