416

Argued September 11, affirmed November 10, 1972

HAWKINS ET UX, *Appellants, v.* BARBER,
*Respondent.*

502 P2d 591

*George M. Joseph,* Portland, argued the cause for
appellants.

*Edward H. Warren,* Portland, argued the cause for respondent. ▮▮▮▮▮▮▮▮▮▮

O'CONNELL, C.J.

This is an action to recover damages for the destruction of plaintiffs' farm buildings by a fire caused by defendant. Defendant demurred to the complaint on the ground that the statute of limitations barred the action. The trial court sustained the demurrer and entered judgment for defendant, whereupon plaintiffs appealed.

The demurrer was sustained on the theory that plaintiffs' action was for an injury to property caused by defendant's negligent conduct and was barred by the two-year limitation period prescribed in ORS 12.110(1).[1]

Plaintiffs contend that their action was for trespass and therefore was governed by the six-year limitation period prescribed by ORS 12.080(3).[2]

The pertinent parts of plaintiffs' complaint are as follows:

"I

"That at all times herein mentioned plaintiffs

---

[1] ORS 12.110(1) provides:

"(1) An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

[2] ORS 12.080(3) provides:

"(3) An action for waste or trespass upon real property * * * shall be commenced within six years."

were the owners of a certain Grade A dairy barn and attached calf shed * * *; that defendant was the owner and operator of a certain business known as Barber's Farm Service, in connection with which he conducted custom harvesting of hay, a portion of which was thereafter stored on plaintiffs' premises.

## "II

"That in the furtherance of his above described operation, defendant placed upon plaintiffs' property a certain gas powered loading device with which bales of hay were conveyed from trucks into the storage areas available in plaintiffs' barn.

## "III

"That on or about the 2nd day of August, 1965, defendant, through his agents and employees who were at all times acting within the course and scope of their employment, was engaged in the act of conveying bales of hay into plaintiffs' barn when, due to defendant's negligence as hereinafter set forth, a fire was caused to occur which consumed plaintiffs' barn and calf shed.

## "IV

"That the proximate cause of plaintiffs' damage was defendant's negligence in one or more of the following particulars: [specifying] * * *."

■ We may begin with the principle that trespass may result from the negligent conduct of the defendant. If defendant was conducting his business on plaintiffs' land without consent, then a trespass action would lie. On the other hand, if defendant had consent to store hay in plaintiffs' barn and the fire started as a result of defendant's negligent conduct, the action of trespass would not lie.

■ Plaintiffs, relying upon the rule that a demurrer "admits as true all facts well pleaded and all the intendments and inferences therefrom that can properly and reasonably be drawn,"[9] argues that the complaint can be read to make out an action of trespass. This conclusion is arrived at by reasoning that "there was no allegation that defendant's activities were other than consequent on a consensual presence with reference to a particular part of the premises." It is further urged that the allegation of plaintiffs' ownership is sufficient to constitute an allegation that plaintiffs were in possession of all but the limited area in defendant's possession, this because of the established principle that possession follows ownership.

The next step in plaintiffs' argument is more difficult to follow. It is not clear whether plaintiffs are arguing that the trespass can be explained as an intrusion into the part of the barn in plaintiffs' possession as a result of conduct by defendant in carrying on activities in a part of the barn in defendant's possession, or that the intrusion results because defendant, although originally in possession, committed a trespass when he exceeded the limits of his license.[10]

Giving plaintiffs the benefit of the most liberal rules of pleading, we are unable, nevertheless, to find in the complaint the allegations plaintiffs have fashioned out of it. The complaint seems to be an attempt to describe simply the circumstances in which one person is carrying on an activity on another person's

---

[9] Musgrave et ux v. Lucas et ux, 193 Or 401, 408, 238 P2d 780 (1951).

[10] Relying upon Francis v. Sun Oil Co., 135 Mont 307, 340 P2d 824 (1959) and Cartan v. Cruz Construction Co., 89 NJ Super 414, 215 A2d 356 (1965).

land with the latter's consent and in the course of that activity a fire is negligently caused. There is nothing in the complaint to suggest that defendant had come upon the property wrongfully or that being there rightfully, he went beyond the scope of his privilege. There is no language which could be interpreted as alleging any kind of wrongful intrusion.

The rules governing the interpretation of a complaint attacked by demurrer are stated in *Windle, Adm'x. et al v. Flinn et al,* 196 Or 654, 662, 251 P2d 136 (1952):

> "* * * A complaint when challenged by demurrer is to be construed most strongly against the pleader. * * * The pleader is presumed to have stated his case as strongly as the facts justify. * * * Facts not alleged will be presumed not to exist. * * * These rules attain an additional persuasive force when the plaintiffs, as here, did not ask for authority to further amend their complaint."

Plaintiffs rely upon *Martin v. Union Pacific Railroad,* 256 Or 563, 474 P2d 739 (1970). That case supports plaintiffs' contention that a trespass may result from the negligent conduct of the defendant in setting a fire. But in that case it was clear that the spread of the fire was not an incident of the defendant's privileged use of the plaintiff's land; the complaint made it clear that the defendant permitted the fire to spread from neighboring land onto the plaintiff's land.

The judgment of the trial court is affirmed.